The action was then continued nisi, and at the following March *533 term at Boston, the opinion of the Court (except the Chief Justice, who did not sit in the cause) was delivered as follows by
Parker, J.
This action is brought to recover seisin and possession of the lands described in the writ, which were set off by the sheriff to the demandant, and seisin delivered to him in part satisfaction of an execution, which issued on a judgment recovered by him in this Court, August terzn, 1804, in his capacity of administrator de bonis non, with the will annexed of Thomas Boylston, against the estate of Moses Gill, deceased. The judgment, execution, and levy, are set * forth in the declara- [ *608 ] tian ; and possession is demanded against Carver, the tenant, who is alleged to have entered against law, and disseised the demandant.
All the evidence offered by the demandant to maintain his action was rejected by the judge at the trial, in order that the general question might come before the whole Court, whether this action can be maintained by the plaintiff in his capacity of administrator-, it not being shown, or offered to be shown, that the possession of the land was necessary, in order that the same might be sold to discharge the debts and legacies of the deceased testator.
The counsel for the tenant have insisted that an executor or administrator, as such, has no interest in, or power avez-, the real estate of the testator or intestate, so as to enable him to recover possession of it by an action ; but that the heirs of the deceased, instantly upon his death, became seised of his estate ; and if, by abatement or intrusion, they are prevented from entry, they, and not the administrator, are entitled to an action. And to maintain this position, they cited the case of Henshaw vs. Blood & Al., in this Court, in which it was decided that the condition of an administration bond is not broken by neglecting to return an inventozy of the real estate of the intestate.
There is no necessity of deciding, in this case, whether an adzninistrator can maintain an action for the recovery of lands, which his intestate owned in his lifetime, and of which he died seised, where the personal estate is insufficient to pay the debts of the deceased.
This case presents a very different question. The testator hez-e was never seised of, and had no claim to this land. After his death, the demandant, his administi'ator, instituted a suit to recover money due to the estate, and not being able to satisfy the judgment he recovered in money, or by the sale of chattels, he caused the execution to be levied on land, of which the debtor died seised. The demanded premises'were appraised and set off’ to him in part satisfaction of his execution ; and he was put into actual possession b] *534 the sheriff; after which Carver entered and ousted him. Shall he be reinstated ? is the question presented in this action.
[*609] *The statute of 1788, c. 51, § 3, enacts “that, whenever any executor or administrator shall recover judgment for any sum of money, whereon execution shall issue, and lands, tenements, or hereditaments, shall be set off to the said exec utor or administrator, "in discharge of the said execution, the said executor or administrator shall be seised and possessed of the whole estate, in the lands, tenements, or hereditaments, so set off, to the sole use and behoof of the widow and heirs of the deceased intestate, or to the residuary legatee or legatees of the testator, as the case may be.”
It has been argued that the demandant in this action, when he caused the execution to be levied, and. was put into possession by the sheriff, became seised to the use of the heirs of his testator, and that by force of the statute of 27 Hen. 8. c, 10, for transferring uses into possession, which may be considered as the common law of this country, the possession of this land was instantly transferred from him to the heirs or legatees, so that the entry of the tenant never could be construed a disseisin of the demandant; but if a disseisin at all, was done to the heirs or legatees.
If this be the true construction of the statute, perhaps the argument is conclusive. But we are of opinion that, notwithstanding the words of the statute, declaring that the seisin of the administrator shall be to the use of the heirs and legatees, the true intention of the legislature, as expressed in the statute taking the whole of it together, was to vest a trust estate in the administrator, until certain things required by the statute shall have been performed by him ; and that neither the legal estate nor the possession vests in the heirs, until the same has been regularly apportioned and distributed in the probate office ; or at least until the administration has been settled, or other legal measures have been taken by the judge of probate to ascertain whether the land levied upon will be wanted to discharge debts and legacies, or to satisfy the expenses of the administration. And the administration bond is security for the faithful discharge of duty by the administrator respecting land so held by him, it being only a substitute for so much money, which would otherwise have come into his hands, and [ * 610 ] * which may still be converted into money, should there be a redemption by the debtor, or his legal representatives ; which distinguishes this case clearly from that of Henshaw vs. Blood & Al. the decision of the Court in that case being nothing more than, that the administrator is not accountable on his bond foi *535 the real estate of the intestate, belonging to him in his lifetime, and of which he died seised.
That this is the true construction of the statute, is manifest from a recurrence to the fourth section. This section provides that if the person whose land has been levied upon, his heirs, executors, or administrators, redeem the same within the time therein limited, the executor or administrator shall be entitled to receive the money, and is authorized, empowered, and directed, to discharge the premises levied upon by release, quitclaim, or other legal conveyance. Now, this provision would be at best absurd, if the construction of the statute contended for by the counsel for the tenant should prevail ; for notwithstanding the administrator had been a mere conduit, to transfer the estate to the widow and heirs, who, according to this construction, must have the legal and actual seisin, all privity of estate being lost by the administrator the instant the seisin was delivered to him by the sheriff, yet, in case of redemption, the money is to be paid to him, and he alone is to execute the legal conveyance, which is to restore the estate to the debtor.
A similar provision in the same statute, relative to land mortgaged to the deceased, and taken possession of by his executor or administrator in virtue of a judgment recovered upon such mortgage after the decease of the mortgagee, still further shows that the legislature intended that the custody and possession of the land should be in the executor or administrator, until the estate should cease to be conditional. They are to obtain license to sell, if necessary for the payment of debts, legacies, annuities, or charges of administration ; they are to discharge the mortgage, in case redemption should be offered; and if neither of these things happen, the judge of probate is to distribute the same as personal estate. Unquestionably the administrator "is to hold the estate until his functions touching it are performed. And we cannot see how the widow or heirs in this case, or in the case of land delivered to the * executor or administrator, to satisfy a debt due to the [ * 611 ] estate, can have any right of entry, or can maintain any action for the possession, until distribution has been made by the judge of probate according to the statute.
The demandant, therefore, as administrator, had a right to show the judgment recovered by him, the execution, the levy, and seisin under it; and showing these would have legally maintained his action, unless a right to retain the possession had been shown by the tenant. As he was prevented from showing his title, the verdict must be set aside, and a new trial granted.