The general error being assigned, and in nullo est erratum pleaded, the cause was submitted to the opinion of the Court without argument, and being continued nisi, that opinion was delivered at the succeeding September term in Berkshire by
Parsons, C. J.
The question upon the record now before the Court is, whether the defendant in error has alleged a title, on which she could legally have judgment for possession.
By the statute of 1783, c. 36. § 3., the real estate of any person deceased is made chargeable with the payment of his debts, over and above what the personal estate shall be sufficient to pay. By another statute of the same year, c. 32. <$> 1., the Supreme Judicial Court in any county, or the Court of Common Pleas of the county where the deceased dwelt, may license the executor or administrator to sell the real estate of the deceased, so far as maybe necessary to satisfy his just debts, with incidental charges, when the personal estate shall be insufficient. *By the 7th section [ * 241 ] of this last act, creditors may satisfy their executions, issued on judgments recovered against an executor or administrator by levying them on the real estate of the deceased.
But no provision is any where made, by which an executor or administrator can recover in a real action the lands of the deceased for the purposes of administration; except when such action is sued *184 to foreclose a mortgage; which stands upon another ground, and is expressly given by statute of 1788, c. 51. And if executors or administrators, who have caused an execution to be levied on lands to satisfy a debt due to the deceased, are after disseised, they may recover the lands, declaring on their seisin in the capacity in which they had obtained the judgment (a).
As an executor or administrator cannot at common law maintain a real action, to recover the possession of lands of the deceased, if such action can be maintained, it must be by force of some statute provision. No such provision is expressly made by any statute; and if it exists, it must arise by implication, as necessary to make the real estate assets for the payment of debts on the deficiency of personal estate.
It has been thought that when the executor or administrator is out of possession, he cannot sell the lands of the deceased, although a license therefor has been obtained. The law upon this subject seems to have been misunderstood. Lands devised pass by the will to the devisee, who has the right of entry and possession ; and if undevised, they descend to the heirs, who are entitled to the possession. The executor or administrator has in no case, virtute officii, a right to the possession of the deceased’s lands. If they are wanted to pay the debts of the deceased, the executor or administrator may on license sell them, when in the possession of a devisee, his [ * 242 ] heirs or assigns, or of an heir, his heirs or assigns, * or of a disseisor of the devisee or heir; the right to sell being a naked power, which cannot be defeated by alienation or disseisin. And the purchaser of lands lawfully sold by an executor or administrator may enter, and maintain a real action on his own seisin by virtue of the conveyance and of his entry.
It cannot be pretended that an executor or administrator can maintain a real action for more land than is sufficient to pay the debts. If he could, he might by judgment of law take from the heir his whole inheritance, when a small part of it might suffice to pay the debts. And what remedy could the heir have at law to recover back any part, when a judgment title, to which he was party, can be set up against it ? If, then, an executor or administrator can demand possession of so much only as will be sufficient, how is he to describe it ? Shall he have an undivided part ? or may he elect what portion in severalty he will demand ? To maintain his action, his administration account must go to the jury, and also evidence of the value of the land demanded, that they may be compared; and if it appear that on these principles he has demanded too much, *185 ^iall he recover nothing ? or how can the jury apportion his demand ? To allow, therefore, an executor or administrator to maintain a real action to recover lands, for the purposes of administration, is wholly unnecessary, is fraught with many inconveniences, and may be productive of great injustice.
That many real actions have heretofore been maintained by administrators must be admitted, arising from a want of due attention to legal principles; and the causes have proceeded without objection to the right of action, so that no adjudication has been had on the right. And there is reason to believe that anciently administrators have maintained real actions, where there was no deficiency of personal assets.
* An old statute of 9 G. 1. c. 1. enacts that rights of [ * 243 ] common, as being real estate, descend to the heirs, who alone shall recover them; and that actions to recover them, sued by an administrator de bonis non, shall be dismissed. It is not easy to decide on the principles upon which this statute was made. Perhaps rights of common had been supposed to be personal estate. And it is more difficult to determine why the prohibition to maintain a real action for their recovery is confined to an administrator de bonis non; for the first administrator might die soon after the deceased, and the second administrator might indeed want them to administer as assets. But the principle that rights of common, being real estate, descend to the heir, who alone may maintain a real action to recover them, is equally applicable to all real estate whatever.
As the knowledge of the law has been improved, many errors in practice have been discovered; and when not sanctioned by a series of judicial decisions, they have been avoided. Whatever usage has existed for an administrator to maintain a real action, arose probably from a mistaken opinion, that he could not sell on license to pay debts, unless he was in the actual possession. In consequence of this mistake, it has also been supposed, that when an insolvent intestate had conveyed land with intent to defraud his creditors, they could have no remedy after his decease, unless the administrator would sue the purchaser to recover the land, which suit he was not obliged to prosecute. In such a case, the intestate died seised as to creditors, and the land, being assets, may be sold in the possession of the fraudulent purchaser; and the vendee may enter and maintain an action on his own seisin. For whatever estate of the intestate an administrator may lawfully convey, is assets in his hands.
This supposed right of the administrator to maintain a real action was considered by the Court in the case of * Drinkwater vs. Drinkwater (1). The Court were then of opin- [*244 ] *186 ion, that no such right as is necessary to maintain the action now under consideration existed; and so far as that opinion is correct, it is an authority in point.
Mellen and Holmes, for the plaintiff in error.
The Solicitor-General, for the defendant in error.
We are therefore satisfied that the original plaintiff, now the defendant in error, has not in her declaration alleged any title, on which she can have a legal judgment against the original tenant.
It may be further observed that the lands of a person deceased are not liable for the payment of his debts, unless he died seised of them, or had fraudulently conveyed them, or was colorably and fraudulently disseised of them, with the intent to defraud his creditors (a). Now, the declaration before us does not allege that the intestate died seised. And if not, unless- in the cases of fraud just mentioned, which we cannot presume, the lands are not made assets for the payment' of debts. This fault in the declaration is not defectively setting out a good title, but is a material defect in the title, and so is not aided by the verdict.
Upon the whole, we are satisfied that the judgment is erroneous; and must be reversed (b).

 Newell vs. Marcy, 17 Mass. 341. — Knox vs Jenks, 7 Mass. 488. — Boylston. vs Carver, 4 Mass. 598.

 4 Mass. Rep 354.

 Drinkwater vs. Drinkwater, 4 Mass. 354. — Hays vs. Jackson, 6 Mass. 149.

 Drinkwater vs. Drinkwater, 4 Mass. 34. Dean vs. Dean. 3 Mass. 258. — Hathaway vs. Valentine, 14 Mass. 500.