The opinion of the Court was delivered to the following effect, by
Sewall, J.
Upon the exceptions filed in this case, two questions have been made and argued — one respecting the operation of the deed from Samuel Waldo and others to the late General Knox, dated October 11, 1793; and the other respecting the operation of the deed made by General Knox, as agent of the estate and effects of Thomas Flucker, a conspirator, dated July 2, 1791; the demandants claiming as the heirs at law of General Knox, and having counted upon his title and seisin in the demanded premises, and these depending altogether upon the operation of those deeds. The last-mentioned deed, which is the first in order of time, having been executed by General Knox, upon a sale, as agent for .the confiscated estate of Thomas Flucker, the tenant objected, at the trial, to a certificate by Justice Iredell, one of the justices of the Supreme Court *412 of the United States, before whom, as it appears by [ * 492 ] * the certificate, General K. took the oath required by law of executors, administrators, guardians, and agents for the estates of conspirators and absentees, when licensed and authorized to make sale of real estate for the payment of debts, to be taken previous to the sale. The certificate was admitted in evidence, and the decision upon it at the trial was, that this objection could not avail the tenant; and to this decision the counsel excepts.
As to the admission of the certificate, by which the competency of it to prove the qualification required may be understood to be determined, we are not now prepared to give an opinion. A decision to that effect may require more time and consideration. We are, however, agreed in confirming the decision at the trial, that this objection cannot avail the tenant, supposing the certificate incom petent as proof of the oath by law required, or that the sale was by an agent, who had not previously taken the oath. The requisites provided by statute, of bonds to account, of a previous oath, of advertisements, and of a public sale, are important to the interests of all concerned in the estate to be conveyed, as heirs at law, creditors, and others.
The rights of persons thus connected with the estate conveyed, and whose interests are affected by the authority to sell, are regarded by these provisions ; and they, and any claiming under them, are not concluded by the exercise of the authority and license to sell in derogation of their rights, unless every essential requisite and direction of law, in this respect, has been faithfully complied with. But even heirs and creditors are concluded after a long acquiescence ; and a legal presumption of the regular exercise of the authority is accepted instead of proof. (3) And strangers to the title, those who have no estate, or privity of estate or interest, and who pretend to none, affected by the sale in question, are not entitled to proof of the proceedings of an executor, administrator, or agent, otherwise duly authorized to sell, and whose deed made, or recited to be made, upon a sale pursuant to that authority, is produced.
[ * 493 ] * A seisin may be obtained under such a deed by the grantee named therein, and his entry under it upon a disseisor of the estate, or of the feoffee of a disseisor, is lawful, and will revest the possession according to the title. No particular decision to this effect is at this moment recollected; but we are all satisfied, that this has been the practical construction of the statutes upon this subject in this respect. (4)
*413 As to the other objections against the deed of Samuel Waldo and others, we think it is by no means a necessary conclusion, from the tenor of the writings produced in the case, or from the facts stated to have been proved at the trial, that the delivery of the deed was previous to the entry upon the land conveyed ; and which the tenant then occupied, claiming under a deed to him, made by one Jonathan Spear, and dated June 2, 1785. The right of entry certainly remained in the grantors in October and November, 1793, when it may be supposed their deed to Henry Knox was executed, and when their attorney entered upon Jenks, and delivered possession of the lands conveyed to the attorney of General Knox, the grantee. The attorney of the grantors was specially authorized to enter upon the land demanded, and thereon to deliver their deed. The entry and delivery of possession, with reference to the authority, and in the execution of it, affords a reasonable presumption of a delivery of the deed, after the entry and the removal of the impediment; and because, in the understanding of the parties, according to the purport of these writings, a delivery at the date would have been ineffectual, while the impediment to the operation of the conveyance continued ; and no evidence is stated more than the legal presumption from the date of the deed, that there had been a prior delivery of it as the deed of the grantors. This is a construction upon the facts in evidence, in furtherance of the plain and declared intentions of the parties.
But, supposing this construction not admissible, there is another suggested in the argument for the demandants, by * which the intended operation of the deed of Waldo and f * 4@4 ] others may be maintained. A deed acknowledged and recorded is valid to pass the lands conveyed, without any other act or ceremony. A feoffment by a feoffer out of possession, and a livery on the estate conveyed, bring back the estate, and vest the freehold perfectly in the feoffee—an operation, which, it seems, is not allowed to a deed of bargain and sale, or any other mode of conveyance. (5) If necessary, then, to effectuate the intentions of the parties, we see no difficulty in construing the deed in question a feoffment, with livery of seisin upon the land conveyed. No precise words are requisite to a feoffment; (6) and here was a livery in fact, according to the deed ; or, if that ceremony had been wanting, it would be supplied by the statute effect from an acknowledgment and registry, the impediment to the operation of the deed having been removed by an actual entry upon the land conveyed.
*414 The opinion of the Court is, that the demandants are entitled to recover, notwithstanding the objections stated in the exceptions; and judgment is to be rendered according to the verdict.

 3 Mass. Rep. 399, Gray vs. Gardner.

 Vide Willard vs. Nason, in error, 5 Mass. Rep. 240.

 Com. Dig. Feoffment, A. 1. — Co. Lit. 48, b. 49, a.

 Com. Dig. Feoffment, A. 3. — 2 Roll. 73.