Wilde J.
drew up the opinion of the Court. The demandant’s title is derived from Eunice Oakes, and her title, if she ever had any, was merely possessory, and founded on a disseisin. The evidence offered to establish such a title in Eunice Oakes was properly rejected, for if all other objections to it should fail, it is a sufficient objection that the evidence offered was immaterial and irrelevant. The object and the tendency of the evidence was to establish the fact, that Abijah Oakes occupied the premises under his mother and as her property. But suppose he did, how does such an occupancy establish a title by disseisin in Eunice Oakes ? If Abijah Oakes consented to the occupancy by his mother, there was no adverse possession by her, and consequently no disseisin. The *200 evidence offered not only proved bis consent, but showed that he was the actual occupant; so that if there was a disseisin, he must have disseised himself, by his own occupancy, for the use of his mother, which would be technically absurd. The declarations, therefore, of Abijah Oakes are immaterial ; they could not divest him of his title and give it to his mother ; and the occupancy also is immaterial, as there was no disseisin.
It follows then, that the demandant has failed to show, or to offer to show, any title excepting that commencing in his own possession in 1811.
The title under which the tenant claims commenced at least as early as 1792, when Abijah Oakes entered under the deed from Ammidon ; for if the title to the demanded premises did not pass by that deed, still as Abijah Oakes entered under it, claiming title, his entry and occupancy would amount to a disseisin.
It is objected that the tenant has not connected himself with this title, because the heirs of Oakes were disseised by the demandant at the time of their conveyance to the tenant, and that so the conveyance was not valid. But it appears that the heirs entered and delivered the deed on the land ; they had not lost their right of entry ; and according to the decision in the case of Knox v. Jenks, 7 Mass. R. 488, the dissessin was so far purged by the entry as to give operation to the deed as a feoffment
The tenant has thus shown an older and better title than the demandant’s, ant) might rest his defence on this possessory title ; but he has gone further back, and has shown, as we think, a valid title derived from Jacob Davis, the admitted owner of the premises before his release to Ammidon. The objection that this release cannot operate, because neither party was in possession, is more plausible than substantial. The operation of this release, if it had any legal operation, was to confirm the title of Abijah Oakes, and not to vest a title in Ammidon ; according to the principles laid down in the case of Somes v. Skinner, 3 Pick. 52.[1] In form it was a release to Ammidon, *201 but its legal operation was to the use of Oakes, and as Le was in possession at the time of the release, it may well operate to confirm his title, as the reason of the objection fails. The deed of release is to be regarded according to its legal operation, which is the same as it would have been if Oakes had been the releasee named in the deed. We do not think it necessary for the tenant to insist on this confirmation of his title in the present action, but we cannot doubt it is well supported upon the principles suggested.

Motion to take off the nonsuit overruled.

 See Comstock v Smith, 13 Pick. 116; Doe v. Oliver, 10 Barn. & Cressw 181; Allen v. Sayward, 5 Greenleaf. 231 ; 3 Pick. (2d ed.) 59, note 1, and cases cited ; Kimball v. Blaisdel, 5 N. Hamp. R. 534; Russell v. Coffin, 8 Pick. (2d ed.) 153, note 1 ; Reformed Dutch Church v. Veeden, 4 Wendell, 496 ; Revised Stat. c. 59, § 5; 3 Pick. (2d ed.) 58, note 1; Baker v. Whiting, 3 Sumner, 475.