Mr. Justice Clayton
delivered the opinion of the court.
This is a writ of error from a trial of forcible entry, and de-tainer, in Tallahatchie circuit court.
*303 The first exception is, that the court ruled out from the jury, the answer to a question asked by the plaintiff, if the witness had not frequently heard plaintiff claim to be in possession of the premises. There was no error in this, for the naked statements of the plaintiff, were not evidence in his own behalf.
The only other objection, which it is deemed necessary to notice, was the admission of proof of a farol submission and award, in regard to the matter in controversy.
At an early day, it was held that there could be no binding award in regard to the title of real property. A more sensible and reasonable rule now prevails. “ Wherever the parties may, by their own act, transfer real property, or exercise any act of ownership with respect to it, there they may refer any dispute concerning it, to the decision of a third person, whose ajvard may be obligatory.” Kyd on Awards, 61. If the parol agreement of these parties, as to the possession, would have been binding, it follows that the submission and award were also binding.
The witness who testified as to the submission, stated that the “ right to the mill and lumber was submitted.” Our statute of frauds makes verbal contracts, as to the lease*of lands, for a longer time than one year, not valid. We think, .therefore, that the terms of this submission were too broad to be binding, unless in writing.
For this error, the judgment would be reversed, but that we are satisfied, from the whole case, that justice has been done, so far as it can be, in this mode of proceeding, and that another trial must have the same result. Barringer v. Nesbii, 1 S. & M. 22.
The only right of the plaintiff to the premises, the record shows, arises from his being the administrator of W. A. McMullen, deceased, who had bought the land of Cullen McMullen, in 1843, and at the same time conveyed it by deed of trust to James S. Bailey, to secure the payment of the debt. Cullen McMullen had, before this sale, made an agreement in writing with the defendant, that if he would help build, and after built, attend to, and tend a saw-mill, (describing this,) he *304 should have half the clear profits arising from said saw-mill, and he bound himself and his heirs to secure to the defendant his interest therein, so long as he complied with the agreement, and no longer. It was in proof, that William A. McMullen had notice of this agreement. It bore date, in March, 1841. and this proceeding was commenced in May, 1846. The agreement, of necessity, implied the occupancy of the premises by the defendant, and it was in proof that he had been in possession, from the time of the building of the mill, which, from the proof, appears to have been more than three years, before this suit was brought.' The jury also find the fact, “ that the defendant did not, within three years, unlawfully enter, &c.” It seems to us, therefore, that the difficulties in the way of the plaintiff, in this mode of proceeding, are insurmountable.
We very much doubt his right, as administrator, to proceed in this mode. See 5 Mass. 240. The proof shows that the defendant was entitled to a joint occupancy, and that his entry and possession were, at all events, originally lawful, and that he had been in possession more than three years. It is scarcely possible, therefore, that the exclusion of the testimony objected to, would have produced a different verdict, or that another trial could have a different result.
The judgment is affirmed.