##### FOR THE

## COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN, SEPTEMBER TERM 1847, AT NORTHAMPTON.

### [CONTINUED FROM VOL. XII.]

#### PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices.
Hon. SAMUEL HUBBARD,

## Horatio L. Warner & others *vs.* Henry D. Bull & another.

**If, on the trial of a writ of entry against A. and B., there is any evidence against B, however slight, the court may properly refuse to direct the jury, before finding a verdict as to A., to return a verdict for B., for the purpose of his being a witness for A.**

**If a disseizee, who has a right of entry, peaceably enters upon the land, and there delivers a deed thereof, the deed will pass his title, though the grantee knows that the title is in controversy.**

THIS was a writ of entry, to which both tenants, Henry D. Bull and Joseph Bull, pleaded the general issue, and Joseph Bull filed a special notice of a disclaimer. Trial before *Dewey*, J. who made a report thereof, as follows:

VOL. XIII.                    1

The demandants claimed title to the demanded premises, under the following deeds: One from William Ashley to Israel Ashley, dated September 20th 1783; one from E. Bates and others to Thomas Ashley, dated December 5th 1818; and another from Thomas Ashley to the demandants, dated July 30th 1845. They also introduced evidence tending to show, that they and those under whom they claimed had used the demanded premises as a wood lot, by frequently cutting wood and timber thereon, since the date of the deed first above mentioned.

The tenant Henry D. Bull relied on a title by deed, and upon an alleged adverse possession by those under whom he claimed.

It appeared in evidence, that, in the year 1843, the above-named Thomas Ashley brought an action against certain persons, for alleged acts of trespass on the premises demanded in the present suit; that they pleaded the general issue, and filed a specification of defence, in which they gave notice that they would show soil and freehold in William D. Bull. On the trial of that action, in October 1844, Joseph Bull, one of the tenants in the present action, testified as a witness for the defendants, and a verdict of not guilty was returned.

There was no evidence to show, that, since the date of Thomas Ashley's deed to the demandants, (July 30th 1845,) the tenant Joseph Bull had, by language, or by any act, claimed title to said premises, or that he had been on the soil, or had directed others to go upon it; unless the following constitute such evidence:

It appeared that at various times, prior to July 30th 1845, said Joseph Bull maintained a fence around the premises, in connexion with a cultivated farm adjoining them, (the premises being woodland,) and that he still continued in possession of said farm. It also appeared that William A. Bull, deceased, who was the son of said Joseph Bull, claimed title to said premises, under a mortgage from William Ashley, his grandfather, which mortgage was assigned to said William A. Bull, but has never been foreclosed; and that, on the death of

William Ashley, said Joseph Bull, who was then the husband of the only daughter and heir at law of said Ashley, claimed to have entered upon the premises, in connexion with his farm, and to have commenced his possession thereof. It did not appear that he had, since July 30th 1845, done any act indicating an intention to abandon the premises, or disconnect them from said farm. It appeared, further, that said William A. Bull died in 1843 or 1844, and that his executor, in 1844, by deed duly executed and recorded, released the whole farm, including the demanded premises, to the tenant Henry D. Bull, who is also a son of said Joseph Bull.

After the evidence for the demandants was put in, the counsel for the tenants stated that said Joseph Bull was an important witness for the tenant Henry D. Bull, and moved that the issue on the disclaimer of said Joseph be presented to the jury before the case should proceed against the said Henry D. Bull. But the judge, considering it a matter resting in the discretion of the court, declined to grant the motion. The motion was again made, after all the evidence on both sides was put in, and was again refused.

The aforesaid deed from Thomas Ashley to the demandants was delivered on the premises, and there was evidence tending to show that said Thomas had, before the date of the deed, been dispossessed of a portion of the premises, and that the demandants knew, at the time of their purchase, that the title was in controversy. And the tenants contended, that, if these facts were proved, the jury should be instructed that the deed was void by reason of maintenance. But the judge refused so to instruct the jury, and a verdict was returned for .he demandants. The tenant Henry D. Bull alleged exceptions.

*Boise & Davis,* for the tenants.

*R. A. Chapman,* for the demandants.

Dewey, J. 1. The request to the presiding judge to present to the jury the case of Joseph Bull, one of the tenants, before they should be charged with the case of Henry D Bull, with a view of using the testimony of Joseph Bull, after a

verdict in his favor, upon the further trial of Henry D. Bull, was, in the opinion of the whole court, properly refused. The right of one of several defendants to a separate presentation to the jury, of the issue as to him, is, from the very nature of the case, attended with much embarrassment and delay in the conducting of the case, and renders necessary, virtually, two trials in the same case. The original reason of the rule, sanctioning this course of proceeding, doubtless was, to prevent a fraudulent or improper joinder of persons as defendants, with a view to their exclusion as witnesses for the other party. It is therefore a salutary power to be vested in the presiding judge, and one which, from the very nature of the case, must, to some considerable extent, be a discretionary power, or at least the exercise of it must depend upon his view of the state of the evidence.

If there be any evidence against such defendant, there is no legal right to insist upon a separate trial as to him, with a view of using him as a witness for the other defendant, although the judge may strongly incline to the opinion that the weight of evidence is in his favor. In the present case, there was evidence bearing upon the tenant Joseph Bull, and clearly establishing his connexion with the subject of this controversy ; an actual occupation and possession of the premises, at an earlier period than that of the plaintiffs' deed, and under circumstances which might justify uniting him as a defendant, and quite sufficient to justify the presiding judge in refusing the application for a verdict to be taken in his case, prior to passing upon the case of Henry D. Bull. 1 Greenl. on Ev. § 358. [See 2 Car. & Kirw. 429, 710.]

2. The remaining question is as to the effect of the deed of Thomas Ashley to the demandants, under the circumstances stated in the report. A conveyance by a party out of possession, the premises being in the adverse possession of another person, is inoperative to pass the title. But the difficulty in the case supposed is obviated where the grantor has a right of entry, and, having this right, actually enters upon the land, and there delivers the deed to the grantee. As the

entry restores the possession to the grantor for the time being, the technical difficulty of a want of capacity to convey, in one who is disseized, no longer exists. This principle has been applied by this court in two cases, (*Knox* v. *Jenks,* 7 Mass. 488, and *Oakes* v. *Marcy,* 10 Pick. 195,) under circumstances that would warrant the application of the same principle here. Nor can the objection be sustained, as sufficient to defeat the present action, that the demandants knew, at the time of the purchase, that the title was in controversy. The mere fact, that some third person questions the title of the grantor, cannot prevent the real owner from conveying his real estate to a *bona fide* purchaser, if the grantor can make a peaceable entry upon the land, and there deliver his deed.

The facts in the present case do not bring it within the operation of the principle of champerty or maintenance, so as to defeat the demandants' title on that ground.

*Judgment on the verdict for the demandants.*