Hemphill, Ch. J,
Whether the sale be void or not dependson the statu *279 tory provisions in force at tlie time regulating sales of estate property by'virtue of orders or decrees of Probate Courts. The act of 21st January, 1841, (art. 1057, Dig.,) declares that public sales by sheriffs, constables, administrators, &e., may be held at tlie residence of the owner of the property, or at the late residence of a deceased person, or at any other place, by consent ol parties interested, which will be most advantageous to the sale of the property; provided, always, that real estate and slaves shall be sold at the court house of the respective counties, unless an order of the court be had to sell at some other place, any law to the contrary notwithstanding.
By a subsequent act of same session, February 4,1841, (art. 1055, Dig.,) all sales made by order, &c., of a Probate Court, &e., were directed to be regulated by the laws governing sales under executions.
At the succeeding session of Congress, by the act of the 27th January,. 1842, concerning executions, it was provided that all sales of lands and negroes shall he made at the court-liouso door of the county in which the sales lake place, on tlie first Tuesday of tlie month, between tlie hours of ten o’clock a. m. and four o’clock p. m., and that all other property may be sold on tlie premises where it is seized on execution. On considering these acts it will be seen that tlie sale of slaves and lands belonging to a succession by an administrator is required to be on tlie first Tuesday of the month, and at the court-house door of tlie poun(y where the. sale is made, subject to such modifications as may be specially authorized by the court. (Neill v. Keese, 5 Tex. R.)
The order of tlie court gave no specific directions as to the place of the sale, and tlie administratrix had no authority by virtue of the decree to expose the property to sale at any other than the place and the time fixed bylaw; and the question is whether, for the failure to comply with the requisites of the law in tlie particulars specified, the sale is void and conferred no title.
In the brief of the appellee it is assumed that the want of compliance with the statute in sidling at a different time and place .from those prescribed was but an irregularity, which did not affect the validity of the sale or the title of the purchaser. Wow, whether the authority of an executor or administrator be a mere naked statutory power, which must be strictly pursued, and that this must bo proven by the purchaser in order that title, may pass, is not material to the decision of the question suggested by tlie argument. If the provisions were to he regarded in many particulars directory to the administratrix, and if her sale (like that of a sheriff’s) would not be affected by any irregularities which have taken place without the knowledge or participation of the purchaser, yet tlie departure from tlie statute complained of cannot be classed as an irregularity. A sheriff’s failure to give due notice of a sale is an irregularity which will not affect the title of a bona fide purchaser. Tlie latter could rarely ascertain whether the law in that particular had been duly observed or not. The evidence would, at best, be of a perishable nature, and his title should not rest on facts the establishment of which would at all times be difficult, and tlie evidence of which must in a few years be altogether lost. But a purchaser cannot pretend ignorance of the time and place of a sale where they are fixed by statute or by the judicial order directing the sale. The grounds of protection to his rights against tlie irregularities of the officer fail when his knowledge of the violations of the law or the omissions of duty must necessarily be presumed.
Tlie law fixing the time and place of a sale, not to be modified or changed except by an order of the court, is as well known to tlie purchaser as to'the administrator, and when a change is made an inspection of the order of tlie court will show whether tlie administrator is acting in conform'dy with the decree. A sale by an administratrix at a place and time other than t Dose prescribed in the statute or by decree is not only irregular, but is in violation of tlie law, and is therefore unauthorized and void. (Howard & Wife v. North, 5 Tex. R., and cases cited.
^Note 91.—Jemison v. Gaston, 21 T., 260; Brown v. Christie, 27 T., 73; Tippett v. Mize 30 T., 361.
That an executor or administrator, in making sales of property, must comply in all essential particulars with the statutory provisions regulating the subject-matter is well settled. Otherwise those whose interests are affected will not> be concluded by the sale, (7 Mass. R., 488,) unless from long acquiescence a compliance with the requisites of the law may he inferred. It is a general rule that authority given to executors and administrators to sell is a personal trust, and must be strictly pursued; and if they transcend their authority in any essential particular, their act is void. (4 Johns. Ch. R., 368; 6 Conn. R., 387; Vontress et al. v. Smith, 10 Pet. R., 175; 2 Id., 523.)
These authorities are sufficient to show that conformity to the statute u essential to the validity of sales of estates, and that therefore tlie act of the administratrix in selling at a time and place not authorized tw statute or decree ivas illegal, and conferred no title on the purchaser. .This is tlie general rule, but it is undoubtedly subject to modifications in particular cases. Por instance, if the sale had been formally approved by the Probate Court, on a motion or proceeding to that effect, the rights of the defendants would have been concluded'by the decree; and especially would this have been its legal effect had the minors appeared and been represented by their guardians. Again, the administratrix and the adult heirs who joined in tlie petition for the order of sale are estopped by their own acts from disaffirming the sale or impugning the title of the defendants; and if the proceeds of the sale have been distributed and accepted by the heirs of age and the guardians of the minors, all that are interested in the estate have been concluded by their own acts. These equities would protect the title of the defendant, and the defect in tlie proceedings of the administratrix would be no valid defense against tiie note. But there is not a particle of evidence in relation to tlie approval or disapproval by tlie court of tlie act of tlie administratrix, or that tlie proceeds have been distributed and the shares of the minors been accepted by their guardians, or of any grounds of that nature in support of the claim.
As the sale and conveyance of the administratrix, of themselves, did not convey title to the defendant, the consideration of the note has failed and the action cannot be supported.
This conclusion would have necessarily.resulted in a dismissal of the action, or at least in remanding it that tlio equities of the parties might bo set up and determined, had not the defendants in their answer prayed that the negro be delivered up and the note canceled. On this prayer we will render judgment which cannot be entirely definitive, as no evidence of the amount of hire due appears on the record.
The defendants aver that the purchaser offered to restore the negro before tlie commencement of the suit. Should that be proven, hire should be accounted for only up to that time. This is the onty direction which it is deemed necessary to give in relation to that subject.
It is. ordered, adjudged, and decreed that the judgment of the District Court be reversed; that the note be canceled, and the negro slaveBranlc be delivered to the administratrix of the deceased intestate, or his legal representative or heirs; that the cause be remanded to the District Court; and that the legal representative or heirs of tlie deceased intestate be made parties to the suit, and that judgment be rendered in favor of the representative or heirs of the said estate for the amount of hire due from the defendants.
Ordered accordingly.