Bigelow, J.
We have no doubt of the right of an administrator, who has been disseized of real estate, of which he had taken possession under a mortgage to his intestate, to maintain a writ of entry against the disseizor. By reference to Rev. Sts. c. 65, §§ 11,12, and 15, it will be seen that the legal seizin and possession of premises mortgaged to a deceased person are vested in his executor or administrator in trust. He alone has power in such cases to take possession of and hold mortgaged premises and to release and discharge the mortgage. Under these provisions of the statute, the mortgaged premises before and after foreclosure are regarded as personal assets, to be administered upon and disposed of by the executor or administrator as such; the title to which is vested in him and not in the heirs; until the same has been regularly distributed and apportioned under § 15. The legal estate and *227 the right to the possession of the demanded premises, therefore, being in the demandant, as administrator, under these provisions of the statute, he can well maintain this action to recover them. - Such was the construction put on the St. of 1788, c. 51, from which the above sections of the revised statutes are chiefly taken. Boylston v. Carver, 4 Mass. 598, 610.
The cases cited by the tenant, in which it has been decided, that an executor or administrator cannot maintain an action against a disseizor to recover real estate of which the deceased died seized, for the purpose of selling it to pay the debts of the deceased, stand upon an entirely different ground. There the seizin is vested in the heirs ; and the authority to sell to pay debts may be well executed without possession. Hathaway v. Valentine, 14 Mass. 500.
It is objected, however, that this action, if it can be maintained by the present demandant, should have been brought in the court of common pleas under St. 1840, c. 87, § 1, by which original and exclusive jurisdiction of all actions, brought for the foreclosure of mortgages, is given to that court. This objection would be well founded, if this were in fact an action brought for foreclosure. But we do not so understand it. The suit on the mortgage, for the purpose of foreclosing it, was brought in the lifetime of the intestate; and the conditional judgment allowed by the statute was then rendered. The demandant does not now seek for any such judgment. The tenant, claiming under the original mortgagor, cannot again ask for it. It is under that very judgment, still in force, that the demandant has entered and become seised and possessed of the demanded premises. His possession, taken under the judgment recovered by his intestate, was lawful; for it is common learning, that a man, who has judgment for possession, may enter without writ. McNeil v. Bright, 4 Mass. 300. The demandant, then, being lawfully in possession under the mortgage and judgment for the purpose of foreclosure, is disseized by the tenant. This action is brought, therefore, not for the purpose of foreclosure, that having already been done; but to protect the possession of the demandant *228 against the wrongful act of the tenant. The tenant is charged as a wrongdoer. To this he pleads only the general issue, thereby admitting the disseizin and putting in' issue only the title of the demandant. He does not claim to stand on the footing of a mortgagor. The demandant shows a good title, and therefore a right to recover the premises against the tenant. Miner v. Stevens, 1 Cush. 468. A mortgagee at common law may have judgment for possession of the mortgaged premises before condition broken; and this right is expressly recognized in Eev. Sts. c. 107, § 9. When, therefore, the object of the suit is not to foreclose a mortgage, but to recover possession against a wrongdoer, there seems to be no reason why the same judgment may not be recovered after condition broken. In such case the right of the mortgagor, or those claiming under him, to redeem the premises, would not be affected, but could be enforced by a bill in equity. See Green v. Kemp, 13 Mass. 515, 519.

Judgment on the verdict.