## LUKE BALDWIN *v.* HENRY TIMMINS.

An executor, who, after foreclosing a mortgage held by his testator, sells and conveys the land, without license of court, is not liable to an action on the covenant of good right to convey in his deed, if the legatees have received the purchase money; nor, *it seems,* if they have not.

ACTION OF CONTRACT on the covenant of good right to sell and convey contained in a deed of land in Roxbury, made to the plaintiff by the defendant, executor of Michael Hughes. The only title which Hughes had was under a mortgage, and the defendant, after the death of Hughes, entered upon the land to foreclose the mortgage, and remained in quiet possession thereof three years, and then, without any license of court, supposing himself authorized to sell as executor, sold the land to the plaintiff for its full value, and gave the deed declared upon, and received the price, and duly accounted for it, as executor, in the probate court, and the balance of his account was duly distributed to the legatees of Hughes. The parties submitted the case to the decision of the court upon these facts.

*P. Oliver,* for the plaintiff.

*J. Lowell,* for the defendant.

BIGELOW, J. Under *St.* 1788, *c.* 51, § 3, it was early held, that executors and administrators to whom land was set off on execution took an estate in trust therein, and that neither the legal estate nor the possession vested in the heirs or legatees, until a final settlement of the estate, or until the land was apportioned and distributed among them by a decree of the probate court. *Boylston* v. *Carver,* 4 Mass. 598. The same statute, § 2, made like provision concerning real estate under mortgage to persons deceased, of which executors and administrators should obtain seizin and possession for the purpose of foreclosure; and the same construction was put upon this section of the statute as upon that relating to land set off to executors and administrators upon execution. *Johnson* v. *Bartlett,* 17 Pick. 477. See also *Thomas* v. *Le Baron,* 10 Met. 403.

A different view was taken of a similar statute, by the supreme court of the State of Maine, in *Webber* v. *Webber*, 6 Greenl. 133, where it was decided that, as soon as it was ascertained that land so held by executors and administrators was not required for the payment of debts, the use became executed in the heirs or legatees, without conveyance of the legal title, or other proceedings to vest it in them. This diversity of opinion arose from the equivocal language of the *St.* of 1788, which was embodied in the *St.* of Maine of 1821, *c.* 52, § 16, by which it was provided that executors and administrators should be seized and possessed of such estates " to the sole use and behoof " of the widow and heirs of an intestate, or of the devisees of a testator.

For the apparent purpose of removing all doubts as to the true construction of these provisions of law, and of confirming the judicial interpretation which had been given to them by the courts of this state, it was expressly enacted in Rev. Sts. *c.* 65, §§ 11–15, that such estates should be held by executors and administrators " in trust for the same persons, whether creditors next of kin or others, who would be entitled to the money if the premises had been redeemed," or the debt satisfied in money. See Commissioners' Report on Rev. Sts. *c.* 65, §§ 11–15.

The effect of these provisions of law is to place real estate, so held by executors and administrators, upon the same footing with personal assets of deceased persons. *Richardson* v. *Hildreth*, 8 Cush. 225. The legal title is vested in the executor or administrator ; but it is held by him in trust, the beneficial interest being in those who shall eventually, upon a settlement of the estate, be found entitled thereto. It necessarily follows that, until the final settlement of the estate, or a decree of the court of probate apportioning and distributing such real estate among heirs or legatees, the executor or administrator alone has power to convey the legal title, and that a deed executed and delivered by him passes to his grantee the seizin and legal ownership. It may be avoided, it is true, by the heirs or legatees, if the sale be without license, and not confirmed by them ; or the estate in the hands of the grantee may be charged, at their suit, with the

trust; but as between the grantor and grantee, and as against all other persons, the deed is valid, and sufficient to vest an absolute estate in the grantee.

The authority given by the statute to the executor or administrator, to obtain a license for a sale of real estate held by such a title, was intended solely to bind heirs and legatees, and make the title good as against them as the owners of the beneficial interest; but it was not necessary to enable the executor or administrator to convey the legal seizin and title, which the law had already vested in him. The deed of the executor or administrator, conveying real estate thus held, is therefore not void, but only voidable. It is very different from a sale of real estate by an executor or administrator, without license, of real estate of which a person deceased died seized and possessed. In such case the legal title vests in the heirs at law, and the deed of an executor and administrator conveys no seizin or title, unless made in pursuance of the requirements of law.

Upon this view of the provisions of the statute on this subject, the only question is, whether, on the facts in this case as agreed by the parties, the legatees of Hughes can avoid the deed given by his executor to the plaintiff. The estate was sold in good faith by the defendant, under a belief that he was authorized to convey it without a license, its full value was paid to the defendant, and credited by him in his account of his executorship, which was duly settled in the court of probate, and the balance of the account, arising in part from the consideration money paid for this estate, was duly distributed among the parties entitled thereto under the will. These facts bring the case at bar fully within the principle settled in *Thomas* v. *Le Baron*, 10 Met. 403. By acquiescing in the settlement of the executor's account in the court of probate, in which the money received for this very estate is credited, and taking their distributive share of the balance thereof, the legatees, who alone could avoid the defendant's deed, have confirmed it, and are forever estopped to deny its validity to pass a good title to the plaintiff, discharged from any trust to which it was liable in the hands of the defendant. The plaintiff by his deed acquired the legal

title to the estate, voidable only by the legatees, and they, having ratified and confirmed it by their acts, cannot now call it in question.

We are inclined to the opinion that the same result would follow if there had been no acts of confirmation on the part of the legatees. The covenant that a grantor has good right to sell and convey has been held to be equivalent to and synonymous with the common covenant of seizin, on the ground that a person seized has a right to convey. *Twambly* v. *Henley*, 4 Mass. 441. *Prescott* v. *Trueman*, 4 Mass. 631. *Slater* v. *Rawson*, 6 Met. 439. *Willard* v. *Twitchell*, 1 N. H. 178. *Allen* v. *Sayward*, 5 Greenl. 227. If this doctrine is correct, then there was clearly no breach of covenant. The defendant was seized of the estate by force of the statute, and therefore had good right to convey. But it is unnecessary to express a decided opinion on this point, as we are all of opinion, for the reasons already stated, that the plaintiff cannot recover. *Plaintiff nonsuit*