LOVETT TAFT & another *vs.* JONATHAN C. STEVENS.

A mortgagee's title to real estate vests, on his decease, in his executor or administrator; and a quitclaim deed from the heir, made before a decree of distribution, though before the foreclosure of the mortgage, will not give the grantee sufficient title to sustain a writ of entry, even against the heir, being in occupation of the land.

WRIT OF ENTRY to recover a dwelling-house and land in Sheffield, occupied by the tenant. Plea, nul disseizin. Trial before *Thomas,* J.

The demandants gave in evidence a deed of the premises from William Ashley to Stephen Stevens, dated in 1805; a deed from Stephen Stevens to Mary Sumner, and a mortgage back from her to him to secure the purchase money, both dated March 8th 1841; and a deed from her to Hiram C. Stevens and William S. Stevens, dated May 30th 1853, of an undivided half of the land.

It was proved or admitted that Stephen Stevens died in June 1842; that Robert F. Barnard was duly appointed administrator on his estate, and brought an action upon said mortgage, and obtained a judgment, and took possession of the land on the 13th of March 1848, for the purpose of foreclosing the mortgage; and that the land had not been redeemed.

The demandants also gave in evidence five quitclaim deeds from Hiram C. Stevens, Jonathan C. Stevens, William S. Stevens, Esther M. Hall and Mary Sumner, the heirs of Stephen Stevens, of their respective interests in the land in question, the deed of Hiram dated in 1843, that of the defendant in 1846, and those of the other three in 1849 ; and proved the conveyance to himself of all the title acquired under these deeds.

The judge ruled " that the administrator of the estate of Stephen Stevens, having taken possession under the mortgage to said Stephen, and foreclosed said mortgage, the legal title to said estate was in him ; and that the several deeds of the heirs at law conveyed no title to the grantees therein ; " and directed the jury to return a verdict for the tenant; and reserved the question of the correctness of this ruling for the consideration of the full court.

*I. Sumner*, (*B. Palmer* with him,) for the demandants.

*J. Rockwell*, for the tenant.

THOMAS, J.   This is a writ of entry to recover possession ot a dwelling-house occupied by the tenant.   To maintain their action, the demandants must show, at the least, a title sufficient to give them a right of possession.   The estate in controversy formerly belonged to Stephen Stevens, and was by him conveyed to Mary Sumner.   She mortgaged back the estate for the full amount of the purchase money.   Afterwards she conveyed to Hiram C. Stevens and William S. Stevens an undivided half of the estate subject to the mortgage, that is, an undivided half of her right in equity to redeem.

Stephen Stevens, the mortgagee, died.   His interest and title as mortgagee vested not in his heirs at law, but in his administrator.   The mortgage not being foreclosed, the mortgaged premises and the debt secured thereby were personal assets in the hands of the administrator, to be administered and accounted for as such.   The administrator may take possession of the mortgaged premises by open and peaceable entry, or by action in like manner as the deceased might have done if living.   If the money is paid, the administrator is to receive it and discharge the mortgage.   If possession has been taken by the

deceased in his lifetime, or by the administrator, the administrator will be seized of the mortgaged premises in trust for the same persons, creditors or otherwise, who would be entitled to the personal estate. If not redeemed by the mortgagor, or sold by the administrator for the payment of debts, it is to be assigned and distributed to the same persons and in the same proportions as if it had been part of the personal estate of the deceased. Rev. Sts. *c.* 65, §§ 11, 12, 14, 15. *Sts.* 1849, *c.* 47 ; 1851, *c.* 288 ; 1852, *c.* 41.

While the administrator of Stephen Stevens thus held the mortgage, and before the foreclosure, the quitclaim deeds to the demandants, under which they claim title, were made by the heirs at law of Stephen Stevens. It seems to be very plain that these quitclaim deeds conveyed to the demandants no legal title to the premises in suit. They gave to the demandants no right of possession as against the tenant or any body else. To maintain a writ of entry, the party must show a legal title. A court of common law cannot recognize a mere equitable interest. There may be cases in which one having an equitable estate may, as against a mere trespasser, maintain a writ of entry ; but it must be where possession or right of possession is given to the *cestui que trust* by the instrument creating the estate, or conferred by the trustee.

The ground taken by the demandants is, that the trusts are satisfied and terminated. We cannot presume that such was the fact. The legal estate having been shown to be in the administrator, if the demandants aver it has passed to them, they must show it.

But we cannot think the proof that there were no outstanding debts would show such change of title. If the debts have been all paid, the mortgage estate does not go to the heirs at law, as such, but to those persons who are entitled, under the statute of distributions, to the personal estate. The widow is entitled to one third, not as dower, but absolutely ; if there be no issue, to one half ; if there be neither issue nor kindred, to the whole. Rev. Sts. *c.* 64, §§ 1, 2. Being always treated in the settlement of estates as personal property, it may be given in whole or part

as an allowance to the widow under the *St.* of 1838, *c.* 145 These considerations make it plain that it is only by a decree of the probate court that the title of the administrator is determined, and that such decree for the assignment and distribution of the estate is necessary to determine in whom and in what proportions the estate shall vest.

These principles are distinctly affirmed in the early case of *Boylston* v. *Carver*, 4 Mass. 598. That was a case of land set off on execution upon a judgment recovered by the administrator; but under the *St.* of 1788, *c.* 51, the same rules applied to estates so set off as to estates left by a deceased mortgagee. The court, speaking of the case of land mortgaged to the deceased, and of which possession had been taken by the administrator by virtue of a judgment recovered upon such mortgage after the decease of the mortgagee, say : " We cannot see how the widow or heirs can have any right of entry, or can maintain any action for the possession, until distribution has been made by the judge of probate, according to the statute." 4 Mass. 610 See also *Smith* v. *Dyer*, 16 Mass. 18 ; *Johnson* v. *Bartlett*, 17 Pick. 477 ; *Baldwin* v. *Timmins, ante,* 302.

In the case at bar, there is no evidence of such a decree, nor of any final settlement of the estate. It does not even appear that, upon such final settlement, the grantors of the demandants would be entitled to the estate. The title, upon the facts reported, is still in the administrator. The demandants, as against the tenant in possession, must show a better title. They show no title upon which a writ of entry can be maintained.

It is suggested by the learned counsel for the demandants that the conveyances under which the demandants claim, when made, were of the legal estate, and that the interposition of the subsequent interest of the administrator does not affect their right to recover. The difficulty is that the heirs at law had no legal estate in the mortgaged premises. The premises and the debt secured thereby vested solely in the administrator. The interest resulting from the foreclosure was not a new interest, subsequently acquired, but the ripening and perfecting of one already existing. Nor does the tenant interpose such subsequent

interest by way of defence. The defect is in the title of the demandants. They show no seizin, no possession or right of possession.

The facts find the tenant in possession. But if the tenant have no right, yet if the demandants have no right, they cannot draw in question the seizin of the tenant, whether right or wrong.

The conveyance of the tenant in 1846, being by deed of quitclaim, cannot operate by way of estoppel. There were no covenants of warranty by which an estoppel could be worked.

*Judgment on the verdict.*