LUTHER HEMMENWAY *vs.* GEORGE A. LYNDE and another.

Knox.   Opinion March 10, 1887.

*Executors and administrators.   Mortgages.   R. S., c. 65, § § 32, 35.*

The title to lands held by a decedent in mortgage passes to the administrator, and remains in the administrator, under R, S., c. 65, § § 32, 35, until redemption, sale or distribution among those entitled to the personal estate.

ON report.

The opinion states the case and facts.

*Lindley M. Staples*, for the plaintiff.

The real estate of a person intestate descends, being subject to the payment of debts, in equal shares to his children, and to the lawful issue of a deceased child, by right of representation. R. S., c. 75, § 1; *Kimball* v. *Sumner*, 62 Maine, p. 305; *Heald, Administrator*, v. *Heald*, 5 Maine, 387.

Was Joseph Tolman, by virtue of the mortgage, possessed of real estate in said farm? What is real estate? R. S., c. 1, § 6, is as follows: "Land or lands, and the word real estate includes lands and all tenements and hereditaments connected therewith, and rights thereto and interest therein."

*A. P. Gould*, for the defendant, cited: *Smith* v. *Porter*, 35 Maine, 287; *Ramsdell* v. *Tewksbury*, 73 Maine, 197; *Vose* v. *Handy*, 2 Maine, 322; *Robbins* v. *Bacon*, 3 Maine, 346; *Crain* v. *Paine*, 4 Cush. 483; *Prout* v. *Root*, 116 Mass. 410; *Middlesex Freeholders* v. *State Bank*, 11 Stew. (N. J. Eq.) 36; *Cutler* v. *Haven*, 8 Pick. 490; 2 Hill. Mort. 222; *Hatch* v. *Bates*, 54 Maine, 136; *Carter* v. *Nat. Bank*, 71 Maine, 450; *Moore* v. *Ware*, 38 Maine, 496; *Douglass* v. *Durin*, 51 Maine, 121.

EMERY, J. This is a real action. From the admissions and the admissible evidence, the following facts appear: There was a mortgage of the demanded land, conditioned for the support of the mortgagee. He began a real action for the land for a breach of the condition, pending which suit he died. His administrator, with the will annexed, prosecuted the action and recovered the usual conditional judgment in case of mortgages. He afterward received seizin and possession of the land by himself or attorney. He afterward died, and an administrator *de bonis non* was appointed. There was no foreclosure upon the judgment, and the right of redemption is not barred. The mortgage has never been redeemed, and the administrator has made no sale of the land. The estate of the mortgagee has never

been finally settled in the probate court, and there has been no decree of distribution.

The demandant has acquired the title of the mortgagor, and also has quitclaim deeds of the land, and deeds of release of the mortgage and the judgment from the heirs and residuary legatees of the mortgagee. The tenant is in possession under the administrator.

The demandant contends that the legal title was in the mortgagee, and that he had the legal estate according to the Maine doctrine of mortgages,— that consequently upon his death the legal estate and the land passed to his heirs or residuary legatees, and by their deed to the demandant, subject to the contingency of its being required for the payment of the decedent's debts, etc. The demandant contends that until the administrator shall obtain the proper special license to sell, etc., the legal estate is in him, the demandant, and he is entitled to the possession.

This contention cannot prevail against the language of our statutes, even if it otherwise could. R. S., c. 90, § 12, declares that the executor of the mortgagee shall hold the mortgaged lands as assets,— have the control of them as a personal pledge, recover seizin and possession of them for the use of such person as may be entitled to them upon the settlement of the estate. Chap. 65, § 32, declares that such lands shall be deemed personal assets so long as there remains a right of redemption,— shall be held by the executor in trust for the persons who would be entitled to the money, if redeemed; and if not redeemed, he may sell the lands as he would personal property. Section 35 declares that if not redeemed nor sold, the lands shall be distributed among those entitled to the personal estate.

It is quite apparent from these statutes that mortgaged lands do not pass upon the death of the mortgagee to his heirs. They pass to the executor as fully as personal property passes to him. He administers them as he does personal property. His deed will convey them. *Crooker* v. *Jewell*, 31 Maine, 306. The deed of the heirs will not convey them. *Douglass* v. *Durin*, 51 Maine, 121. An entry upon them by the heirs would be trespass against the executor. *Palmer* v. *Stevens*, 11 Cush. 148.

The demandant, however, further contends that the case sufficiently shows there are no valid debts against the estate, and there can be none by reason of the statute of limitations. He claims that thus the estate is practically settled, and the title to these lands has thus passed to him as the grantee of the heirs. He also claims that in this state of affairs, there being no debts, the release of the condition of the mortgage by the heirs and residuary legatees becomes effectual, as the lands must come to them.

The case of *Webber* v. *Webber*, 6 Maine, 127, which might be thought to sustain this contention of the demandant, cannot be considered as an applicable authority. The language of the statutes has been much changed since the opinion in that case, and the present statutes are much more explicit than that of 1821. We think the title to lands held by a decedent in mortgage, passes upon his death to his executor, and remains in the executor and his successors until redemption, sale, foreclosure or distribution. The heirs only acquire title by purchase or distribution. *Boylston* v. *Carver*, 4 Mass. 598; *Taft* v. *Stevens*, 3 Gray, 504; Schouler on Ex'rs, 214; *Bird* v. *Keller*, 77 Maine, 270. Not having acquired the legal estate, the demandant cannot maintain a real action. Whatever rights he has acquired from the heirs or legatees, he must enforce against the administrator *de bonis non*, in the probate court or upon his bond.

*Demandant nonsuit.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.