Moody *v.* Moody.

---

## MOODY *vs.* MOODY.

Parol evidence will not be received in this Court, sitting as the Supreme Court of Probate, of matters which should properly appear by the record; except for the purpose of directing the Court below to complete and certify the proceedings there.

This Court cannot recognize and entertain an appeal from the Probate Court, unless such appeal appear by the *record* sent up.

An administrator of an insolvent estate, having obtained license, sold the real estate of his intestate, and duly accounted in the Probate Court for the proceeds of sale. Afterwards, it appearing that he had neglected to file a bond in the Probate office, prior to the sale, pursuant to *stat. ch.* 470, whereby the sale was void, he was permitted in another account, to charge back the amount of the former sale, and to have a new license to sell.

THIS was an appeal from a decree of the Judge of Probate, licensing the respondent as administrator of the estate of *Edmund Moody,* to sell so much of the real estate of his intestate as would produce the sum of $1500. *Sally Moody,* the appellant was a daughter and heir to the deceased, and had complied with the requisitions of the statute in giving bond, filing reasons of appeal, &c.

The ground of appeal was substantially, that no legal necessity existed for selling the real estate, either through the deficiency of personal assets or otherwise.

It appeared in evidence that the estate had been represented insolvent — commissioners appointed — and a list of claims returned amounting to $1569,22. By the second administration account settled in Probate Court after the return made by the commissioners, it appeared that there was a balance in the hands of the administrator of $953.09. In that account, however, was credited the sum of $885,50, as the proceeds of the sale of the real estate made under license issued from the Probate Court. But the administrator had neglected to comply with the requirements of *stat.* of 1830, *ch.* 470, *sec.* 6, *in filing a bond in the Probate office, prior to the sale* — and the estate was also bid off at the auction, by one *Benjamin Pike, at the request and on the account of the administrator.* On one or both of these grounds, *Edmund Moody, Jr.* another of the heirs to said estate, resisted successfully the claim of the administrator and his grantees to take possession under the sale.

After which, the administrator presented his third account of administration, in which he charged back against the estate the amount previously credited as the proceeds of the sales of real estate. The allowance of this account was decreed by the Judge of Probate, at a Court held *Jan.* 7th, 1833. From this decree *Edmund Moody, Jr.* appealed, and gave bond and filed his reasons as the law requires. Prior however to the sitting of the Court appealed to, an adjustment took place between *Edmund Moody, Jr.* and the administrator, and the former thereupon agreed in writing to withdraw his appeal in the Probate Court, and accordingly it was not pursued. The Register of Probate, on the written withdrawal of the appeal being filed in the Probate Office, made up the record as if no appeal had ever been entered — and the admission of parol evidence therefore to prove these facts relative to the appeal, was opposed by the administrator as contradicting the record.

The license from which the present appeal was had, was granted at a Court held *March* 4th, 1833, and was predicated on the want of personal assets as exhibited in said third account.

*Fairfield,* for the appellant.

1. Parol evidence is admissible to show the fact of the appeal from an allowance of the third account, though it did not appear

by the record. The proceedings in Courts of Probate are not according to the course of the common law — no writ of error lies to their proceedings — persons interested, therefore, have a right to plead and prove a Probate decree a nullity. *Smith* v. *Rice*, 11 *Mass.* 513 ; *Davol* v. *Davol*, 13 *Mass.* 264.

2. These facts being duly proved, show that the decree in favor of the account was vacated. The appeal set it afloat, and rendered it entirely inoperative. *Campbell* v. *Howard*, 5 *Mass.* 376.

The agreement by the heir to withdraw the appeal, could have no effect beyond restoring the case to the docket in the Probate Court, there to await further action. It could not restore to legal existence a judgment or decree that had been vacated and annulled by the previous acts of the parties and by the operation of law. The third account, then, being considered as not legally subsisting, there is nothing in the case to show such a deficiency of the personal assets, as would form a proper basis for the license to sell real estate.

3. But if the subject matter of the account may be considered as before the Court, and properly to be inquired into, it is contended that nothing appears to justify the Court in granting a new license. The sale was void, for the reason that the administrator neglected to file a bond in the Probate Office prior to the sale. But there was another ground. Either *Benjamin Pike*, or the administrator, was the purchaser. If the administrator be estopped to deny the allegations in his own deed, then *Pike* was the purchaser. If not thus estopped, then perhaps the administrator may be considered the purchaser. If *Pike* was the purchaser, the amount of the purchase money cannot be charged back by the administrator, nor can it now be taken into consideration by the Court, it not having been shown that the consideration money or any part of it had ever been refunded to *Pike*, or that he had ever claimed it. *Jennison* v. *Hapgood*, 10 *Pick.* 103, 104. If the administrator is to be considered the purchaser, he ought not to be permitted to charge the consideration back, because he cannot set up such claim except through his own fraud and maladministration. A purchase by an administrator, especially where he acts as auctioneer, is void, as against heirs. *Har-*

*rington* v. *Brown*, 5 *Pick.* 519; *Fay* v. *Hunt*, 5 *Pick.* 404; *Rhan* v. *North*, 2 *Yeates*, 117; *Munro* v. *Allen*, 2 *Caines' Cas.* 183; *Colden* v. *Walsh*, 14 *Johns.* 407; 2 *Peere Williams*, 597; 15 *Petersdorff's Abr.* 143; *Wellington's estate*, 1 *Ashmead*, 307; *Jennison* v. *Hapgood*, 10 *Pick.* 93.

*J. Shepley*, for the appellee, controverted the positions taken by the counsel on the other side. He denied that parol evidence was admissible to prove the appeal and the proceedings under it, inasmuch as it would be contradicting, or at least adding to the record.

But if the evidence was admissible it merely shows *a claim* put in for an appeal. It cannot be effective as such, without a compliance with *all* the requisites of the statute by the person claiming it. He must not only give bond and file his reasons, but the appellee must be duly served with a copy of the reasons fourteen days before Court, which latter was not done. But, however this may be, the withdrawal of the appeal before it could be entered in the Court appealed to, left the decree in as full force as if no appeal had been originally claimed.

If, however, it were otherwise and the decree of the Judge of Probate was vacated by the appeal, still, without a formal allowance of the third account, the Court may well be justified in granting license. If there are claims against the estate remaining unpaid, as the return of the commissioners shows; and there is a deficiency of personal assets, as the second account and the evidence touching the illegality of the sale show; then license ought to issue.

That the sale was void, no bond having been filed, as between the heirs and purchaser, he cited *Knox* v. *Jenks*, 7 *Mass.* 488; *Williams* v. *Reed & trustee*, 5 *Pick.* 480; *Parker* v. *Nichols*, 7 *Pick.* 111; *Macy* v. *Raymond*, 9 *Pick.* 285.

The administrator having erroneously charged himself with the amount of sales of the real estate, when no sale was made to pass the estate, that error should be corrected.

The right to correct errors and omissions in the settlement of Probate accounts is clearly settled. *Weeks* v. *Gibbs.* 9 *Mass.* 74; *Wyman* v. *Hubbard*, 13 *Mass.* 234; *Stearns* v. *Stearns*, 1 *Pick.* 157; *Saxton* v. *Chamberlain*, 6 *Pick.* 222.

It is sufficient for the administrator to show that the sale was void for any cause. But he denies that the sale is void on the ground that he himself was the purchaser, or if it were so, that the legal consequences would be such as contended on the other side.

*D. Goodenow*, replied for the appellant.

WESTON J. delivered the opinion of the Court.

If the administrator's third account has been duly allowed by the Court below, and is not open for examination here, the decree of that Court of the 4th of *March*, 1833, licensing the sale of so much of the real estate of the intestate, as will produce the sum of fifteen hundred dollars, and which has been brought before this Court by appeal, is sustained by the prior proceedings, and must be affirmed. It is insisted that the decree, allowing that account, was vacated by the appeal, interposed by *Edmund Moody*. No evidence whatever of such an appeal, or that any bond was thereupon given, or reasons of appeal filed in conformity with the statute, appears in the records or proceedings of the Court of Probate. In point of form then, the decree is a legal, valid and subsisting one. If it had the force and effect of a judgment at common law, it could not be impeached while unreversed, except upon the ground of fraud. As however the proceedings of a Court of Probate are not according to the course of the common law, and therefore not examinable upon a writ of error, it is doubtless competent for a party, attempted to be charged by a decree of that Court, to repel its operation upon him by showing in the proceedings a substantial departure from the requirements of law.

The validity of a decree, from which an appeal has been duly claimed, is suspended; and it has no longer any validity or binding force, until affirmed in the Supreme Court. In this condition, it is urged, is the decree allowing the administrator's third account. What evidence will the appellate Court require, that an appeal has been legally made? This should appear from the records of the Probate Court. If the proceedings there are duly and properly conducted, the superintendance of which belongs to this Court, the appeal claimed, the bond to prosecute it, and the

reasons of appeal should be found on the records and files of that Court. And this Court would by order or mandamus cause that duty to be performed, if neglected. Whether without resorting to such a course, the Court would sustain an appeal of which no evidence there appeared, or hold the decree below thereby suspended or vacated, would require consideration. And the interposition of this Court in the manner suggested, should be at the instance, motion or petition of the party claiming the appeal. All other persons must be understood to have acquiesced in the decree. The appellant from the decree, allowing the third account, is not aggrieved, nor does he complain of any neglect or deficiency in the Court below. And if he did, upon the facts proved, this Court would not feel itself called upon at his instance, by mandamus or otherwise, to correct a course of proceeding, which he was active in procuring. Parol is not the best evidence of the appeal, and of the other requisites, essential to its validity, of which the nature of the subject is susceptible. But it may be said that it is admissible, if better evidence is omitted to be entered by neglect, or unduly suppressed. We incline however to the opinion, that parol evidence would be received by the Court, in a case proper for its interposition, only for the purpose of directing the Court below to complete and certify the proceedings there, whereby an appeal was claimed.

But admitting that the decree of *January*, 1833, allowing the third account, was vacated by the appeal, the question more immediately before us is, whether the license of *March*, 1833, ought to have been granted. The third account of the administrator had been filed, its correctness was then recognized by the Judge, and made the basis of his decree. It is now before us as a paper, the validity of which is no longer questionable, or if questionable, subject to our examination and revision.

The former sale was void as against the heirs, by reason of the neglect of the administrator to give the bond required by law. One of the heirs has already avoided the effect of that sale, by judgment of law, and another, the appellant, is now controverting the right of the administrator to sell the land upon a new license; a question in which she could have no interest, unless upon the ground that the first sale was invalid. She should in

justice be held to treat that sale either as operative or void. If operative, the land is gone from her, and she has no remaining interest in the subject matter. If void, there is certainly, so far as she is concerned, no propriety in holding the administrator to account for the proceeds. By appealing from the decree licensing the sale, she does in effect claim the land as heir. And by resisting the correction of the administrator's accounts, she claims to hold it against the creditors at his expense. We see nothing in the case which precludes him, under the sanction of the Probate Court, from correcting an error in his accounts, founded in misapprehension and mistake. Nor do we perceive any reason why that sanction should be withheld. The heirs at law lose nothing thereby, which does in justice or equity belong to them. The expenses of the former sale rightfully fall upon the administrator; for it was owing to his negligence that it was not effectual. Upon the whole we are of opinion, that the administrator's third account is well supported by the evidence, and that the license thereupon for the sale of the real estate is warranted by law. The estate being insolvent, the claim of the creditors, and of the administrator in trust for them, is preferred to that of the heirs.