BEDFORD E. TRACY *vs.* CATHERINE G. ROBERTS, and others.

CATHERINE G. ROBERTS, and others, in equity,

*vs.*

BEDFORD E. TRACY.

Hancock.    Opinion January 11, 1896.

*Deed.   Guardian.   Minor.   Limitations.   Estoppel.   R. S., 1871, c. 52, § 12;
R. S., 1883, c. 71, § 30.*

A guardian's sale of real estate is irregular and void where there is no petition or license covering the premises conveyed, and where there is no bond or notice of such sale.

In such case the Probate Court has no jurisdiction over the subject matter.

Nor does the five years' limitation, provided by R. S., c. 71, § 30, in which an action may be brought by the ward or other persons claiming under him to avoid such sale, apply to such case.

The limitation applies to defective sales under licenses from a court having jurisdiction, but not where there was no petition or license.

It is competent for a ward when he becomes of age to ratify and affirm a sale made by the guardian where it is invalid for a want of compliance with some statute requisite, or to avoid it within a reasonable time.

Facts stated that will be regarded as a ratification.

The doctrine of equitable estoppel is equally available in an action at law as in equity.

Where the consideration has been received and retained upon a defective sale, and such sale was made by the guardian in good faith and the wards have received the benefit of the proceeds, there being no fraud or mistake, but full knowledge of the facts, the doctrine of equitable estoppel applies, and the party cannot afterwards claim the land itself.

See *Kingsley* v. *Jordan,* 85 Maine, 137.

ON REPORT.

The case is stated in the opinion.

*L. B. Deasy and J. T. Higgins,* for Tracy.
*George P. Dutton,* for Roberts.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WHITEHOUSE, STROUT, JJ.

FOSTER, J. Two cases are reported to this court, the first, a writ of entry for a parcel of land lying in Mount Desert; the second, a bill in equity brought by the defendants in the first suit against the plaintiff therein, praying for an injunction restraining him from prosecuting his suit at law, and for a decree requiring him to release to the complainants his pretended title.

The cases are submitted on the same statement of facts and are to be decided together.

In 1870 William Roberts was the owner of the premises in dispute. He died intestate leaving a widow, and Franklin B. Roberts and Horace D. Roberts, his children and sole heirs. The premises in dispute were assigned to his widow for her dower. She died February 23d, 1876.

September 25, 1875, Franklin B. Roberts died intestate, leaving three children as his sole heirs, Abbott L., Josephine M. and Ralph V. Roberts.

April 17, 1876, Abbott L. Roberts, being of full age, conveyed his interest, being one-third of an undivided half, in the

demanded premises, to his uncle Horace D. Roberts, by sufficient deed, duly recorded. Thus Horace D. Roberts was an owner of an undivided half of the demanded premises by inheritance from his father, William Roberts, and one-sixth by purchase from Abbott L. Roberts, heir of Franklin B. Roberts.

December 1, 1875, Deborah M. Roberts, widow of the said Franklin B. Roberts, was, upon her own petition, duly appointed guardian of Josephine M. and Ralph V., children of herself and the said Franklin B. Roberts, and duly filed her guardian's bond and inventory.

The said Franklin B. Roberts left other real estate at his decease, than that in controversy ; and at the April term, 1876, of probate court, the said Deborah M. Roberts filed a petition to sell certain real estate of her said wards. Her license bond was duly filed and approved, wherein she recited that she was duly licensed to sell and convey " all of the real estate belonging to said Franklin B. Roberts the same described in the petition of said Deborah M. for license to sell entered at the last April term of said court, A. D. 1876."

On the third Wednesday of June, 1876, license issued to the said Deborah M. Roberts to sell the land "described in her petition for license." But neither does said petition, nor said license, embrace the demanded premises, nor does it appear that she ever took the oath required by law under said license, although the license was returned into court and recorded. June 27, 1876, the said Deborah M. Roberts, in her capacity as guardian of Josephine M. and Ralph V. Roberts, by a guardian's deed in due form reciting the aforesaid petition and license, conveyed to the said Horace D. Roberts the undivided interests of the said Josephine and Ralph V. Roberts in the demanded premises, which deed was duly recorded August 20, 1876.

If we correctly understand the facts, it appears that on that same day other real estate which was embraced in the petition and license, and to which the bond related, was sold by the said Deborah M. Roberts to other parties, as stated in the case of *Kingsley* v. *Jordan*, 85 Maine, 137, 138.

Horace D. Roberts died December 7, 1876, intestate, and the defendants are his heirs at law.

Ralph V. Roberts died June 16th, 1886, intestate, without issue, being nearly sixteen years of age, leaving as heirs his brother and sister, Abbott L. Roberts and Josephine M. Roberts. Josephine M. Roberts became of age in 1878.

September 18, 1888, Deborah M. Roberts then having become the wife of William W. Sumner, and Josephine M., who had married Otis M. Ober, and Abbott L. Roberts, by their deed of quitclaim without covenants, conveyed to the demandant, Tracy, their interest in the demanded premises, for the consideration hereafter stated.

It is admitted that the said Deborah M. Roberts was duly appointed guardian as aforesaid; that a license to her as said guardian had duly issued to her on the third Wednesday of June, 1876, to sell some real estate but that neither the petition nor license in any way covered the demanded premises, nor that she ever took the oath required by law under that license. It is also admitted that the said guardian in her said deed claims authority by virtue of the petition and license aforesaid; that she made the conveyance in good faith, and for the benefit of the estate of said wards; that her said wards received the benefits of the proceeds of said sale; that the plaintiff, when he took the deed from Deborah M. Sumner, Abbott L. Roberts and Josephine M. Ober, took it with full knowledge of said guardian's deed, and that the consideration thereof was an agreement on the part of the plaintiff to prosecute this claim against the defendants to final judgment for one-half the land, and if not successful to receive nothing for his services and expenses.

The tenants' ancestor, Horace D. Roberts, went into the occupation of the premises on the purchase from Abbott L. Roberts and from the guardian in 1876, and he, during his life, and the tenants after his death were not disturbed by any claim till the commencement of this action.

It will be seen from this statement that if the sale by the guardian is sustained, then the plaintiff has no title and this action cannot be maintained. For it is admitted in argument,

and the evidence discloses the fact, that he has no title to two-thirds of the demanded premises,— the one-half inherited by Horace D. Roberts, father of the tenants, from his father, William Roberts, and the one-sixth conveyed to him by Abbott L. Roberts. The controversy therefore is concerning the remaining third,— that which upon the death of their father, Franklin B. Roberts, came by inheritance to Josephine M. and Ralph V. Roberts. Can the plaintiff recover that third, or any portion thereof?

Was the guardian's conveyance of this third to the tenants' ancestor, Horace D. Roberts, such as can be legally sustained?

The plaintiff raises several formidable objections to the legality of that conveyance. The irregularities apparent throughout the proceedings are numerous and extraordinary. There was neither petition nor license that in any way covered the demanded premises; nor was there oath, or bond, or notice of sale, as required by statute.

The case at bar is essentially different from that of *Kingsley* v. *Jordan,* supra, where the only objection to the validity of the guardian's sale was, that it did not appear that the guardian took the oath required by law before making the sale. The petition, license and bond in that case embraced the premises then in controversy, and there was but one omission of the statute requisites to constitute a valid sale. The material facts in that case are so different from those in the present case, that the decision there can afford no criterion by which the rights of these parties are to be determined.

I. The defendants set up, in answer to these objections to the validity of the guardian's conveyance, the limitation provided by R. S., c. 71, § 30, viz: "No action shall be brought to recover an estate sold under this chapter . . . . . with a view to avoid the sale . . . . . by the ward or persons claiming under him, unless it is done within five years after the sale, or the termination of the guardianship, except that persons out of the state, or under legal disability at said times, are limited to five years after their return to the state, or the removal of the disability."

The statute in the section following that already cited, provides that in an action brought to contest the validity of any such sale by the ward or person claiming under him, no such sale shall be avoided on account of any irregularity in the proceedings if it appears, (1) That the license was granted by a court of competent jurisdiction, and the deed was duly executed and recorded; (2) That the person licensed took the oath, and gave the bond and notice of the time and place of sale required by law; (3) That the premises were sold in such manner, and within such time as the license authorized, and are held by one who purchased them in good faith. The implication being that an omission of these requisites would render such sale void.

The limitation of five years within which an action is to be brought applies to defective sales under licenses from a court of competent jurisdiction, and not to sales where no petition or license ever existed. *Chadbourne* v. *Rackliffe*, 30 Maine, 354, 360; *Poor* v. *Larrabee*, 58 Maine, 543, 558; R. S., 1821, c. 52, § 12. The petition to the probate court is the foundation upon which to base the jurisdiction of the court, and must allege sufficient facts to give the court jurisdiction and power to authorize the sale. *Overseers* v. *Gullifer*, 49 Maine, 360; *Danby* v. *Dawes*, 81 Maine, 30; *Gross* v. *Howard*, 52 Maine, 192.

Courts of probate are created by statute and possess special and limited jurisdiction only. The record of their proceedings must show their jurisdiction. Nothing is to be presumed in favor of the right to divest an heir of his title. The authority to do so is derived wholly from the statute, and its provisions must be strictly complied with.

This doctrine was affirmed in the case of *Williams* v. *Morton*, 38 Maine, 47, where a conveyance of real estate of his wards by their guardian, even under license of the probate court, without complying with the requirement of the statute as to giving a bond, was held to be void and to vest no title in the grantee; and the court further held that the money paid for such a deed might be recovered back in an action upon its covenants, or for money had and received. See also, *Moody* v.

*Moody*, 11 Maine, 247, 253; *Knox* v. *Jenks*, 7 Mass. 488; *Williams* v. *Reed*, 5 Pick. 480.

In the case last cited the court say : "There being no bond and no oath, the sale is void, or at least voidable, so that the parties to it are at liberty to vacate it, and consider it annulled."

A fortiori, where there is neither petition nor license, as well as no bond or notice of sale, and no oath, all of which are required by statute. The court had no jurisdiction over the subject matter.

The limitation of five years within which an action is to be brought by R. S., c. 71, § 30, cannot be applied in this case.

The sale was void as not being in compliance with the statute.

II. But there are other grounds upon which the tenants rely to defeat the plaintiff's recovery, and these are ratification, and equitable estoppel.

In *Kingsley* v. *Jordan*, supra, this court said : "When a sale by guardian under license is invalid for a want of compliance with some requirement of law by the guardian, it is competent for the ward when he becomes of age to ratify and affirm the sale, or he may avoid it within a reasonable time. If he affirms it, he becomes bound by it." *Williamson* v. *Woodman*, 73 Maine, 163.

It is admitted that the sale by the guardian was made in good faith, for the benefit of the estate of the wards, and that they received the benefit of the proceeds of the sale. Ralph V. died a minor, intestate, without issue. He was not quite sixteen years of age. His heirs took his share of the estate, and stood as he would stand if of age. *Kingsley* v. *Jordan*, supra. Nearly three years elapsed between his death and the commencement of this action. All these facts were known to the heirs. Josephine M. had become of age eleven years prior to the commencement of this action, and had made no claim prior to that time. For more than thirteen years the land in controversy had been in the possession, occupation and improvement of these defendants. To set aside the sale and reclaim the land they must pay back the consideration received and

retained,— and this they have not attempted to do.   The guardian is estopped by the covenants in her deed from now alleging the illegality of her conveyance to Horace D. Roberts. *Williamson* v. *Woodman*, 73 Maine, 163 ; *Brazee* v. *Schofield*, 124 U. S. 495, 504.

Moreover, the doctrine of equitable estoppel applies in this case, and is legally available in an action at law as in equity. *Kirk* v. *Hamilton*, 102 U. S. 68, 77 ; *Dickerson* v. *Colgrove*, 100 U. S. 578.   As the plaintiff stands in no better light than those from whom he claims to have received his title, (*Pratt* v. *Pierce*, 36 Maine, 448, 454 ; *Hovey* v. *Hobson*, 51 Maine, 62 67) his rights cannot be regarded as superior to theirs had they been the ones to attempt a recovery in this action.

In *Penn* v. *Heisey*, 19 Ill. 295 (68 Am. Dec. 597), the court holds that there is no distinction in the application of this principle between void and voidable sales, and that a party is estopped from setting up title to land when he has received and enjoyed the benefits of its sale, and it is in the possession of an innocent purchaser.   "Such estoppels," say the court, "are and should be favored in law, honor, and conscience, for the truest and best of reasons, that a man, having received a benefit in one character, the value of the thing or of the property, shall not afterwards receive the thing or property itself in the same or another character.   This principle, so equitable and legal, runs throughout all the transactions and contracts of civilized life."

There are numerous cases illustrative of this principle to be found in the decisions.   Thus, one who accepts a part of the purchase money arising out of a sheriff's sale is estopped from denying the validity of the sale. *Stroble* v. *Smith*, 8 Watts, 280.

If a legatee, the executrix, proves the will and accepts a bequest under it, she will thereby be equitably estopped from asserting a claim in hostility to other provisions of the will. *Benedict* v. *Montgomery*, 7 Watts & Serg. 238.   And again, this principle is firmly enunciated in *Deford* v. *Mercer*, 24 Iowa, 118 (92 Am. Dec. 460), where the heirs were held to be estopped from questioning the validity of a guardian's sale of

their interest in certain real estate on the ground of defective proceedings, where after becoming of age, with knowledge of all the facts, and in the absence of fraud and mistake of fact, they received and retained the purchase money arising from such sale ; and the court there held that the principle applied to sales that were void.     Dillon, C. J., in the course of the opinion says : "That they are not entitled to, and cannot have, both the money and the land, is a proposition which seems too plain to require either an extended argument or authority to show.     We have so held in a former case arising upon the same sale. *Pursley* v. *Hayes*, 17 Iowa, 310.     If the brief opinion filed in that case is closely examined, it will be seen that the propositions on which it rests are guardedly stated.     That opinion is certainly correct.     There is nothing in the circumstances of the present case which requires us to decide more than that where a party, with full knowledge of all the facts, there being no fraud or mistake, and nothing to repel the presumption that he knew his legal rights, but much to show that he did fully know them, voluntarily accepts and retains the purchase money arising from the sale of his land, he cannot afterwards claim the land itself.     He is equitably estopped to deny the validity of the sale." *Horn* v. *Cole*, 51 N. H. 287, 289 ; 2 Pomroy Eq. § 802.

No further citation of authorities is necessary to establish the fact that such an estoppel as that which is invoked in this case, is not to be deemed odious, but on the contrary conducive to honesty and fair dealing.     It prevents a party from making use of a title which, in equity and good conscience, ought upon every principle of right and justice, to inure to the use of another.     If such a case was ever presented, we think this is one.

The result is, that in no view of the case has the demandant any title and cannot recover.

*Judgment for the tenants.*

In the other case, there being no necessity for the intervention of equity jurisdiction, the entry will be,

*Bill dismissed without costs.*