RICHTER, County Judge, Respondent, vs. ESTATE OF LEIBY, Appellant.

*September 7 — September 25, 1900.*

*Disqualification of county judge:* "*Guardian of any ward*":` Guardian ad litem: *Construction of statutes: Second appeal: Waiver: Embezzlement by trustee:* Devastavit: *Action on bond, when not premature: Sureties.*

1. Under sec. 2447, S. & B. Ann. Stats. (providing that when the judge of any county court shall be interested as an executor or administrator or guardian of any ward, or interested as creditor or otherwise in any question to be decided, he shall be disqualified to act in relation to that estate, etc.), the use of the words "executor or administrator" in connection with the words "guardian of any ward" indicate that the person meant is some trustee charged with the duty of caring for the property or looking after some interest pending at the time the county judge is called upon to act, and such disqualification to act continues only so long as the county judge continues to be such executor, administrator, or guardian.

2. A guardian *ad litem*, being an attorney appointed to conduct or care for a particular matter in court, and having the charge neither

of the person, nor of the property of the person, he is appointed to represent, is not a " guardian of any ward " within the meaning of said sec. 2447; and the fact that an attorney had been appointed guardian *ad litem* in an estate, his appointment being expressly limited to the particular proceeding then pending, does not disqualify him from acting in the same estate, when he became county judge three years thereafter.

3. Said sec. 2447 (fixing the limitations of the authority of the county judge while acting as a judge of probate), being legislation upon a particular subject, must be presumed to have covered all the limitations considered necessary upon that subject, and therefore a proper construction of sec. 2579 (providing that in case any judge of a county court having civil jurisdiction shall be interested in any proceeding in such court, or shall have acted as attorney or counsel for either of the parties thereto, he shall not have power to hear or determine such proceeding, or make any orders therein, except with consent of the parties thereto), confines the limitation therein prescribed to the county judge while acting in matters over which he has civil jurisdiction.

4. Where on a second appeal the record shows that the evidence on a given point is precisely the same as on the first trial, failure on the first appeal to rely upon error in respect thereto is a waiver of the right to do so on the subsequent appeal.

5. In an action against the surety on the bond of a defaulting trustee, it appeared that the trustee was properly cited to account; that he filed an account showing under oath that he had embezzled the entire estate; that the amount he should pay over had been determined; that an order entered for the payment of such amount had been duly served on him; and that he had neglected to comply therewith. *Held,* sufficient to establish a *devastavit* and demand and refusal to pay, conclusive upon the sureties on his bond, and sufficient to authorize suit thereon.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

This case was before this court at the August term, 1898, and may be found in 101 Wis. 434. The facts are in no way different than therein stated, except in the following particulars: After the case had been remitted to the lower court, the defendant obtained leave to file an amended answer, in which she set up that there was no such record in the

county court of Fond du Lac county relating to the estate of John S. Emerson, deceased, as warranted the proceedings upon which plaintiff's claim was based. Upon the trial the entire record of the county court in that matter was introduced. From this record it appears that in May, 1887, a petition was presented showing that the testamentary trustee was dead; that there were funds in his hands; that the widow and minor son were the only persons interested; and asking that a new trustee be appointed. On May 13th the county court entered an order appointing the plaintiff guardian *ad litem* of the minor, and he filed his written consent so to act. A new trustee was accordingly appointed. In January, 1890, the plaintiff became county judge, and all orders in the Emerson matter after that date were made by him. The defendant objected to the introduction in evidence of all orders signed by *Judge Richter*, on the ground that they were void, he having been an interested party, and disqualified to make the same. At the close of the testimony both parties moved for a direction of a verdict. Plaintiff's motion was granted, and a verdict in his favor for $10,689.79 was entered. A motion for a new trial was denied, and judgment for plaintiff duly entered, from which this appeal has been taken.

*Lyman E. Barnes*, for the appellant.

*D. D. Sutherland*, for the respondent.

BARDEEN, J. 1. The defendant strenuously attacks the judgment herein on the ground that all the orders and judgments entered in the Emerson estate matter by *Judge Richter* are nullities, and were made and entered at a time when he was disqualified from acting. His supposed disqualification is based upon the fact that in 1887, some three years before he became county judge, he was appointed guardian *ad litem* for an infant in the proceeding which culminated in the appointment of a trustee for the Emerson

estate in place of one deceased.  The defendant appeals to
two statutes as establishing such disqualification.  The first
is sec. 2447, S. & B. Ann. Stats., which provides that " When
the judge of any county court  .  .  .  shall be an executor
or administrator or guardian of any ward or interested as
creditor or otherwise in any question to be decided, he shall
be disqualified to act in relation to that estate, or the de-
cision of such question," etc.  We are clearly of the opinion
that this section was not intended to cover, and ought not
to be construed to cover, a case like this.  The use of the
words " executor or administrator " in connection with the
words " guardian of any ward " indicate that the person
meant was some trustee charged with the duty of caring for
property or looking after some interest then pending, for
which he must account to the court, and concerning which
the court must make some decision.  A guardian *ad litem* is
not such person.  He is an attorney appointed to conduct or
care for a particular matter in court.  He neither has charge
of the person nor of the property of the infant, and is ac-
countable to the court only as an attorney is always account-
able for the faithful discharge of his duties.  Moreover, a
reading of the whole section shows that it was not the leg-
islative intention that such disqualification should be per-
petual.  The last clause provides that, when the disability
no longer exists, the circuit judge who has been called upon
to act shall transmit the papers to the county court, " and
such county court shall thereafter perform all the remaining
duties relative thereto."  This shows a plain legislative in-
tent to extend the disqualification to act only so long as the
judge continues to be executor, administrator, or guardian.
*Judge Richter's* duties as guardian *ad litem* ended as soon
as the appointment of a trustee was made, if satisfactory to
the interests he represented.  The order of appointment ex-
pressly limited his appointment to that particular proceed-
ing.  The matter is made more significant by the fact that

in another proceeding in the same matter the following month a new guardian *ad litem* was appointed therein. In *Morgan v. Hammett,* 23 Wis. 30, and again in *Appeal of Schæffner*, 41 Wis. 260, this court held that a county judge was not disqualified from acting merely because he had been counsel for one of the parties interested in the estate.

The other statute relied on is sec. 2579, which is as follows: "In case any judge of the circuit court, or of a county court having civil jurisdiction, shall be interested in any action or proceeding in such court, or shall have acted as attorney or counsel for either of the parties thereto, such judge shall not have power to hear and determine such action or proceeding, or make any orders therein, except with the consent of the parties thereto." The county court of Fond du Lac county has civil jurisdiction, and hence it is argued that *Judge Richter* had no authority to make any order in the Emerson matter because he had been interested therein. This argument has no weight when we come to consider the exact situation. By sec. 2447, the legislature fixed the limitations of the authority of the county judge while acting as a judge of probate. Being legislation upon a definite subject, it must be presumed to have covered all the limitations considered necessary on that subject. A proper construction of sec. 2579 confines the limitations therein prescribed to the county judge while acting in matters over which he has been given civil jurisdiction. It certainly could not have been the legislative intent to prescribe one standard for a county judge who had no civil jurisdiction, and another for a judge who had that power, while exercising the same jurisdiction.

2. A further argument is made that no *devastavit* was established, and no demand and refusal to pay was shown. The evidence on this point is precisely the same as on the former trial. Every argument made here could have been made on the former hearing, and, if well founded, would

have resulted in the affirmance of the former judgment. The defendants had full opportunity to urge these objections on the former appeal. Having failed to rely upon the error, if error it is, they must be regarded as having waived their right to do so on a subsequent appeal. *Dilworth v. Curts*, 139 Ill. 508–517.

Independent of these considerations, however, we do not think the objection urged is well taken. The evidence shows that the defaulting trustee was properly cited to account; that he filed an account showing, under oath, that he had embezzled the entire estate, and that he was indebted to the estate in a large amount; that the amount he should pay over had been determined, and an order for its payment entered; that such order had been duly served on him, and that he had neglected to comply therewith. This was conclusive upon the sureties, and was sufficient to authorize suit upon the bond. *Holden v. Curry*, 85 Wis. 512; *Schoenleber v. Burkhardt*, 94 Wis. 575.

We have carefully considered the other objections raised, and are convinced that they are not of sufficient importance to require extended consideration. Certainly, none of them is grave enough to warrant a reversal of the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.