VIOLA M. WAITT, APPELLANT
FROM DECREE OF JUDGE OF PROBATE.

Kennebec.    Opinion, October 28, 1943.

*George W. Abele,* Boston,

*Brooks Whitehouse,* for appellant.

*Walter M. Sanborn,* for appellee.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

MANSER, J.   Viola.M. Waitt was appointed guardian of her two minor children by the Kennebec Probate Court on January 2, 1941. On December 28, 1942, she was removed as guardian, and Walter M. Sanborn of Augusta was appointed in her stead. The latter action was taken on petition of one E. Max Gladstone of Brookline, Massachusetts, setting forth that he was interested in the estate of the minors by virtue of an appointment as their guardian ad litem in a proceeding in the Probate Court of Plymouth County, Massachusetts. Appeal from the new appointment was denied by the Supreme Court of Probate under decree which affirmed the action of the Judge of Probate. The case comes forward on exceptions.

There being no statutory right of appeal from the removal of a guardian (R. S., c. 75, §31), the appeal proceedings in the Supreme Court of Probate were necessarily restricted to the new appointment. The exceptions, in substance, assert:

(1) That the Court can act only on the petition of an interested party; that a guardian ad litem appointed for a special purpose in proceedings in another State is not such an interested party.

(2) That the petition sought only the removal of the appointed guardian, contained no prayer for the appointment of a new guardian and the Court had no authority to make such new appointment without petition, due notice and hearing thereon.

(3) That there was abuse of discretion in the appointment as the appointee was counsel in the proceedings.

The only record before this Court is the petition, the decree of the Probate Court, the appeal therefrom, the decree of the Supreme Court of Probate, and the exceptions taken thereto.

Counsel for the petitioner improperly included in his brief a statement of alleged facts, unsupported of record, and counsel for the appellant thereupon in a reply brief gave their version of the factual background. In judicial procedure such unwarranted attempts to secure consideration of matters outside the record can receive no recognition or consideration and will not be countenanced.

Of primary consideration is the exception which raises the fundamental question that the Probate Judge had no jurisdiction or authority to act upon the petition appearing in the record, since the proceedings were not initiated by a party in interest.

Probate Courts are creatures of statute and not of the common law, and have a special and limited jurisdiction. They have no jurisdiction, no powers, no modes of procedure or practice, except such as are derived from the provisions of the statutes. The record of their proceedings must show their jurisdiction. The preliminary requisites, and the course of proceedings prescribed by law, must be complied with or jurisdiction does not attach. *Moody* v. *Moody*, 11 Me., 247;

*Fairfield* v. *Gullifer*, 49 Me., 360, 77 Am. Dec., 265; *Coolidge* v. *Allen*, 82 Me., 23, 19 A., 89; *Tracy* v. *Roberts*, 88 Me., 310, 34 A., 68, 51 Am. St. Rep., 394.

Jurisdiction is granted to the Probate Court with relation to the guardianship of minors and in all matters affecting their property and welfare. The statutes regarding the power of appointment and removal are couched in general terms and read as follows:

"The judge of probate may appoint guardians to minors resident in his county." R. S., c. 80, §1.

"He may grant leave to adopt children, change the name of persons, appoint guardians for minors and others according to law, and has jurisdiction as to persons under guardianship, and as to whatever else is conferred on him by law." R. S., c. 75, §9.

"The judge may dismiss any guardian, when it appears necessary, or at his own request, and if the case requires it, may appoint another in his place; but previous to such removal, except at his own request, personal notice shall be given to the guardian, . . . to appear and show cause to the contrary;" R. S., c. 80, §23.

Procedural requirements are not here specified. In these particular sections is no substantive provision that petition must be presented by some person having a definite legal right to initiate the proceeding. As to guardians for adults, including persons of unsound mind, spendthrifts and convicts, there is express provision that appointment is to be made on the written application of their friends, relatives or creditors, or of the municipal officers or overseers of the poor of the town where they reside. R. S., c. 80, §4.

R. S., c. 75, §48, however, authorizes the adoption of rules of practice for orderly procedure, and of probate forms which thereby become official and which are declared to "be in force

in all courts of probate." One of the rules so adopted provides that "approved blanks shall be furnished by the Registrar, and must be used in all proceedings to which they are applicable." The form provided for removal of executor, administrator, guardian or trustee is couched in the following language:

"Respectfully represents . . . . . . . of . . .. . . . that he is interested in the estate of . . . . . . ."

The question for determination is whether this established procedure must be followed in order to give the Probate Court jurisdiction, and if so, whether the present petitioner, who alleged that he was interested as "guardian ad litem of said minors, by virtue of a decree of the Probate Court for Plymouth County in said Commonwealth," comes within the definition of a party in interest.

It is argued that minor children are entitled to special protection and that the jurisdiction of the Probate Court is intended to be broad and comprehensive; that the authority originally granted to a Court of chancery in England now resides in our Probate Courts; that if it becomes cognizant of the necessary facts, the Court should protect the rights of minors; that if it has jurisdiction of the subject matter and parties, it may pass upon and adjudicate the rights of minors and the decree will be binding. Such doctrinal statement is found in substance in 27 Am. Jur., Infants, §101, and it is claimed that this principle has been adopted by our Court and is enunciated in *Hovey* v. *Harmon,* 49 Me., 269.

It is contended, therefore, that any person, whether interested or not, may inform the Court by petition of facts and circumstances which warrant its intervention.

It is true that our Court has well said in *Lunt* v. *Aubens,* 39 Me., 392, that "The paramount object of the law, is the protection of the minor." It proceeds, however, as follows:

"To accomplish that object, it authorizes the interposition in his behalf of such persons as have interests in common with him and whose relations to him are such as to raise the presumption of a feeling of natural affection for him and a desire to promote his welfare."

We are not in disagreement with the statement of the Court in *Hovey* v. *Harmon*, supra, which reads:

"So he may act in the matter upon the petition of those interested, or upon his own knowledge derived from the official conduct of the guardian as disclosed in the records of his Court."

In the instant case, however, the action of the Judge of Probate was not taken upon his own knowledge obtained from the records of his Court, but upon the petition of a person who claimed to be an interested party. Further, it is to be noted that the present issue was not actually before the Court in the Hovey case. The Court had dismissed the guardian at his own request and the proceedings related to the validity of a deed executed by the former ward after the termination of the guardianship. That the Court did not intend to broaden by judicial construction the established rules of practice and procedure, is significantly shown by the decision in *Fairfield* v. *Gullifer*, 49 Me., 360, reported in the same volume as *Hovey* v. *Harmon*, 49 Me., 269, the membership of the Court, with one exception, being the same.

The petition before the Court recites in general terms that the guardian had failed to conserve the estate of the minors and had caused exorbitant expense by instituting litigation in their behalf. It does not appear that the guardian had received any actual assets belonging to the wards, nor is it alleged in what manner she had obligated their estate. The Probate judge is given authority to safeguard the pecuniary rights of minors by citing the guardian to settle an account. R. S., c. 80, §24.

This procedure is designed to protect the interests of the minors, requires no formal intervention, and is expressly provided for by statute.

We hold that a petition for removal of a guardian must, under our established procedure, be brought by a party in interest. That a guardian ad litem, appointed by a Probate Court in Massachusetts for a particular proceeding there pending, does not qualify as a party in interest in the present litigation, is well established. He was appointed for a special purpose and his powers, rights and duties were restricted thereto. *King v. Emmons,* 283 Mich. 116, 277 N. W. 851, 115 A.L.R. 564; *Crawford v. Amusement Syndicate Co.,* Mo. Sup., 37 S. W. 2d, 581; *Richter v. Leiby's Estates,* 107 Wis. 404, 83 N. W. 694. He has no right as guardian ad litem to initiate legal proceedings in another State. *Morgan v. Potter,* 157 U. S. 195, 15 S. Ct. 590, 39 L. Ed. 670.

Although the remaining exceptions appear to be without merit, they are unnecessary of decision, as the determination that the Probate Court was without jurisdiction is conclusive.

The nature of the decree to be rendered by this Court has been diversely treated. In *White v. Riggs,* 27 Me. 114, the Court said:

> "As the supposed decree was void, because the probate court had no jurisdiction, the appeal must be dismissed."

Our Court, however, in an earlier case, *Moody v. Moody,* 11 Me. 247, said:

> "In point of form, then, the decree is a legal, valid and subsisting one. If it had the force and effect of a judgment at common law, it could not be impeached while unreversed, except upon the ground of fraud, As, however, the proceedings of a Court of Probate are not according to the course of the common law, and therefore not ex-

aminable upon a writ of error, it is doubtless competent for a party, attempted to be charged by a decree of that Court to repel its operation upon him by showing in the proceedings a substantial departure from the requirements of law."

In *Veazie Bank* v. *Young*, 53 Me., 555, the Court posed the question: "How any party can be legally aggrieved by an act which is simply void, and of no effect, is not readily apparent." Decision in that case went, however, upon the point that the appellant was not shown to be a party in interest and therefore not entitled to be heard.

Although the Probate Court decree is void, yet "In point of form such decree is a valid and subsisting one" and except for the appellate proceedings would be regarded and enforced by that Court as binding upon the removed guardian and the newly appointed one. It seems more logical to sustain the proceedings which call the lack of jurisdiction to the attention of the Court than to dismiss them because the Court agreed with the contention thus raised. *Sturges* v. *Peck*, 12 Conn. 139; also *English* v. *Smith*, 13 Conn. 221, in which the Court adopted the reasoning:

"It may frequently become indispensable to reverse, alter or modify the previous proceedings, in order to make them consistent with the decree here to be pronounced." The entry, therefore, will be

*Exception sustained.*
*Decree of Probate Court declared void for want of jurisdiction.*