KING v. EMMONS.

1. APPEAL AND ERROR—MOTION TO DISMISS—STATEMENTS OF FACT IN BILL TAKEN AS TRUE.

On a motion to dismiss a bill of complaint, the statements of fact therein must be accepted as true.

2. WORDS AND PHRASES—STATUTES—GUARDIAN AD LITEM.

   A term, such as "guardian *ad litem*," which has a very definite meaning in the law must be assumed to have been used in its proper sense when incorporated in a statute by the legislature (3 Comp. Laws 1929, § 15899).

3. COURTS—GUARDIAN AD LITEM—APPOINTMENT.

   The power of appointment of a guardian *ad litem* is incident to the power of every court to try a case and the power is then confined to the particular case at bar.

4. SAME—PROBATE COURTS—JURISDICTION—STATUTES.

   Jurisdiction of the probate court is derived entirely from statute, none of it from the common law.

5. SAME—GUARDIAN AD LITEM—APPOINTMENT—PROBATE COURTS— CIRCUIT COURTS.

   Statute authorizing the probate court, upon request of any person interested, to appoint a guardian *ad litem* for person unborn, unascertained or legally incompetent to act in his own behalf and who is not represented otherwise than by the trustee whose account or petition is before the court *held*, to contemplate only the appointment of such guardian by the judge of probate incident to a matter being prosecuted in the probate court and not to authorize appointment of guardian *ad litem* to institute and prosecute litigation in the circuit court, since such power is vested in circuit court itself (3 Comp. Laws 1929, §§ 14036, 15899).

6. SAME—NEXT FRIEND—APPOINTMENT—CIRCUIT COURTS.

   In the absence of a controlling statute to the contrary, the power to appoint a suitable person as next friend to prosecute a suit in the circuit court on behalf of unknown and unascertained minors would be in the circuit court, not the probate court.

7. DISMISSAL AND NONSUIT—PARTIES—INTERVENTION.

   Motion to dismiss bill of complaint because plaintiff who brought suit was not a proper party would not be granted where one who is unquestionably a proper party has intervened and could forthwith renew the suit by filing a like bill of complaint (3 Comp. Laws 1929, §§ 14018, 14021).

8. TRUSTS—PARTIES—CHARITABLE TRUST—SUIT FOR ACCOUNTING BY EXECUTOR-TRUSTEE.

   Nonprofit corporation, organized by executor who was also the testamentary trustee of residuum of donor's estate to take over

assets of trust for crippled children, *held*, a proper party defendant in suit against it and executor-trustee for accounting as to misappropriated assets where bill of complaint made it a party and under allegations of bill it was a necessary party, and, as such party defendant, entitled to have suit dismissed or prosecuted by a proper party plaintiff.

9. EQUITY—JURISDICTION—FRAUD — EXECUTORS — TRUSTEES — ACCOUNTING.

Allegations of fraud in bill of complaint in suit against executor of will of donor, who was also trustee under trust of residuum and non-profit corporation he organized for taking over assets of such trust, for accounting as to funds of estate alleged to have been fraudulently concealed from probate court *held*, sufficient to give court of chancery jurisdiction to inquire into claimed fraudulent transactions as orders of the probate court fraudulently obtained are not *res judicata.*

10. TRUSTS—PARTIES—CIRCUIT COURT—GUARDIAN AD LITEM—APPOINTMENT—ACCOUNTING BY EXECUTOR-TRUSTEE—PROSECUTING ATTORNEY.

Guardian *ad litem,* appointed by probate court, for ''persons unborn, unascertained, or legally incompetent to act in their own behalf, and of any minors, societies, corporations, institutions or other possible or contingent beneficiary'' under trusts created by will of donor of large sum for crippled children after executor had filed a supplemental account *held,* to have no standing as party plaintiff in equity proceeding in circuit court against such executor and corporation which, as testamentary trustee, he had caused to be organized to take over assets of the trust, for accounting as to funds alleged to have been misappropriated; such suit being continued by prosecuting attorney who had intervened as party plaintiff and corporation has sought relief from codefendant by way of crossbill (3 Comp. Laws 1929, §§ 13513, 15899).

11. SAME—PARTIES—PROSECUTING ATTORNEY—UNCERTAIN AND INDEFINITE BENEFICIARIES.

Statute providing that prosecuting attorney shall represent beneficiaries in all cases where they are uncertain or indefinite *held,* applicable to case where accounting is sought as to funds by executor and corporation which he, as testamentary trustee, had caused to be organized to take over assets under trust set up ''for the care, maintenance and education of crippled chil-

dren, who otherwise are destitute of the proper and necessary means for their care, medical attendance and education'' since such children are the uncertain and indefinite beneficiaries of the trust, not the corporation organized to administer the fund (3 Comp. Laws 1929, § 13513).

12. SAME—PARTIES—RECEIVERS—PREMATURE APPOINTMENT.

Appointment of receiver on petition of guardian *ad litem,* designated by probate court, but who was not a proper party plaintiff to proceeding in chancery for accounting as to alleged misappropriations by executor who was also testamentary trustee *held,* premature where made before hearing upon merits and questioned by nonprofit corporation executor had caused to be organized to administer trust assets but vacation of order making such appointment and granting injunctive relief as to assets is made without prejudice as to right of any proper party to make further application in circuit court for such relief where it does not appear the estate will suffer loss pending disposition of case on merits if possession and management be left with such corporation.

13. APPEAL AND ERROR—EQUITY—DISMISSAL OF BILL BECAUSE PLAINTIFF WAS AN IMPROPER PARTY OPERATIVE IN FAVOR OF NON-APPEALING DEFENDANT.

In suit against executor who was also testamentary trustee and who caused to be organized defendant nonprofit corporation to take over and administer trust assets, where bill is dismissed on appeal of corporation because plaintiff who initiated proceedings was not a proper party, it is operative in favor of executor-trustee as well notwithstanding he did not appeal.

Appeal from Wayne; Nicol (Henry G.), J. Submitted October 15, 1937. (Docket No. 9, Calendar No. 39,274.) Decided February 24, 1938.

Bill by Paul H. King, guardian *ad litem,* against Harold H. Emmons and George H. Cummings Foundation for an accounting, appointment of a receiver and other relief. Wayne County Prosecuting Attorney intervened as party plaintiff. Cross-bill by defendant George H. Cummings Foundation

against defendant Emmons for an accounting and other relief. Separate motions to dismiss by defendants. Motions to dismiss denied. Defendant George H. Cummings Foundation appeals. Remanded.

*E. Cyril Bevan,* for plaintiff.

*Fred G. Dewey (Thomas L. Poindexter,* of counsel), for defendant George H. Cummings Foundation.

North, J. The bill of complaint herein was filed in behalf of and for the purpose of protecting the interests of beneficiaries of a trust created by the will of George H. Cummings, deceased. Each of the defendants filed a motion in the circuit court for the dismissal of the bill of complaint. The motions were denied. Leave having first been obtained, the defendant George H. Cummings Foundation has appealed. As hereinafter noted, an appeal has also been taken by this defendant from the order of the circuit court appointing a temporary receiver.

The first question commanding consideration is whether Paul H. King, as guardian *ad litem* appointed in the probate court, is a proper party plaintiff. On the motion to dismiss the statements of facts in the bill of complaint must be accepted as true.

George H. Cummings died on June 7, 1920, leaving a will which, among other provisions disposing of his estate, contained the following:

"Seven: All the rest, residue and remainder of my estate, either as it shall exist at the time of my death, or with accruals or additions thereto, as hereinabove provided, I give, devise and bequeath to Nellie G. Rockafellow and Harold H. Emmons, to be

held by them in trust for the following purposes, namely:

"They shall devote the income from the said residuum and so much of the principal as in their best judgment shall seem wise, to the establishment and maintenance of a home for the care, maintenance and education of crippled children, who otherwise are destitute of the proper and necessary means for their care, medical attendance and education, and I hereby instruct and empower my said trustees, either to establish such institution as a new enterprise, or to take over and control an established institution for similar purposes, and to expand and establish it on a proper basis and in a proper manner. I further empower my said trustees at their discretion to transfer such institution and such fund to a corporation which may with their permission be formed to take over and carry on such institution for crippled children, the same to be organized, however, in a manner which shall be satisfactory to them."

Defendant Harold H. Emmons and Nellie G. Rockafellow were appointed executors of the estate in July, 1920. An account of these executors was filed and allowed in December, 1924. Nellie G. Rockafellow died the following month. Thereafter defendant Harold H. Emmons continued to administer the Cummings estate as the sole surviving executor. The total assets were in excess of a million dollars; and with the exception of a few provisions involving comparatively small amounts, the testator provided that his estate should pass to the trustees under the provision hereinbefore quoted. The bill of complaint alleges maladministration of the estate and charges that defendant Emmons has misappropriated large sums of money belonging to the estate and by fraudulent concealment from and

misrepresentation to the probate court has obtained the approval and allowance of his accounts in fraud of the trust created in the Cummings' will for the benefit of crippled children. In the main the relief sought is that the orders of the probate court approving the accounts of defendant Emmons as executor or trustee be set aside on the ground that they were procured by fraud and for an accounting as to alleged misappropriated assets of the estate.

On the 19th day of June, 1928, the probate court entered an order purporting to approve and allow "the final account of Harold H. Emmons, sole surviving executor." It was recited in the order that the portion of the estate with which we are here concerned should be assigned to Emmons as surviving trustee; and a bond in the sum of $100,000 was required. Such a bond was not given and letters of trusteeship were not issued until April, 1935, at which time the bond was reduced to $100. On or about August 9, 1930, defendant Emmons caused to be organized and incorporated a Michigan nonprofit corporation under the name of the George H. Cummings Corporation, but this name was later changed to George H. Cummings Foundation. This corporation was formed in contemplation of transferring to it the assets of the Cummings' trust for crippled children. However, the George H. Cummings Foundation remained inactive and no assets of the estate were transferred to it until August, 1935. In June, 1935, Emmons filed a final account as "sole surviving executor and trustee." The order on this petition was entered August 7, 1935, and recited that the final account of Emmons was allowed and he was "discharged as such executor and trustee." The order further approved Emmons' designation of the George H. Cummings Foundation as the recipient

of the fund provided in the will for the benefit of crippled children and of the transfer of such assets to said foundation and such assets were so assigned; and further provision was made in the probate court order for compensation to Emmons as sole surviving executor and trustee and also for legal services performed for the benefit of the estate.

At the request of the probate judge, the executor on February 11, 1936, filed a so-called supplemental account which disclosed more in detail the various transactions of the executor. In connection with this phase of the proceedings plaintiff Paul H. King was appointed by the probate court "guardian *ad litem* for any person or persons unborn, unascertained, or legally incompetent to act in their own behalf, and of any minors, societies, corporations, institutions or other possible or contingent beneficiary under the trusts created by the last will and testament of George H. Cummings, deceased." Further the probate court on the 20th of May, 1936, ordered and directed the plaintiff herein to file a bill of complaint demanding an accounting from Harold H. Emmons. The bill of complaint was filed in this cause on the same date.

As before indicated the first question for consideration on this appeal is whether this suit in the circuit court in chancery, under the circumstances above outlined, is one properly brought by and which can be properly prosecuted by Paul H. King, guardian *ad litem* appointed in the probate court proceedings. It is the contention of appellant that Mr. King as a guardian *ad litem* appointed in the probate court can have no standing or authority to prosecute this suit in the circuit court. This contention leads to a consideration of the powers of the probate court in this particular.

Appellee asserts that he is a proper party plaintiff under the following statutory and rule provisions:

"When, upon filing or hearing of an account of a trustee in a probate court, or any petition allowed by this chapter to be filed in such court, it appears to the court that the interest of a person unborn, unascertained or legally incompetent to act in his own behalf is not represented otherwise than by the trustee, the court may, and upon the request of any person interested shall, appoint some competent and disinterested person to act as guardian *ad litem* for such person and to represent his interests in the matter. The person so appointed shall make oath to perform his duty faithfully and impartially and shall be entitled to such reasonable compensation for his services as the court may allow." 3 Comp. Laws 1929, § 15899.

"The (probate) court may, when it shall be deemed necessary, appoint a guardian *ad litem* or a next friend to appear for any minor or other person under legal disability, to represent him in any matter pending before the court, or to prosecute any matter or proceeding in his behalf, with or without notice, as the court may direct." Michigan Probate Rule No. 12 (1933).

It must be borne in mind that the instant suit is not an appeal from the probate court, but instead is a separate independent suit originally instituted in the circuit court in chancery. Further the unknown and unascertained beneficiaries are in the position of parties plaintiff, not defendants. The above quoted statute provides only for the appointment of a "guardian *ad litem* for such person and to represent his interests in the matter." The designation "guardian *ad litem*" has a very definite meaning in the law and it must be assumed the legislature used

it in its proper sense. If the quoted section of the statute is so construed the conclusion must be reached that it contains no authority whatever for appointing a person in the specified representative capacity to institute and prosecute litigation in the circuit court. In Bouvier's Law Dictionary (Baldwin's 1934 Ed.), the term guardian *ad litem* is defined as follows:

"A guardian appointed to represent the ward in legal proceedings to which he is a party defendant.
"The appointment of such is incident to the power of every court to try a case; (*Bullard* v. *Spoor*) 2 Cow. (N. Y.) 430; and the power is then confined to the particular case at bar."

In a recent decision we have said:

"The probate court derives none of its jurisdiction or power from the common law, *Grady* v. *Hughes*, 64 Mich. 540, but must find the warrant for all its doings in the statute." *In re Estate of Meredith*, 275 Mich. 278 (104 A. L. R. 348).

Further, we think it clear that the rule provision above quoted contemplated only the appointment of a guardian *ad litem* or a next friend by the judge of probate incident to a matter being prosecuted in the probate court. We are not here concerned with the authority of such an appointee to follow the prosecution or defense of the case on appeal from the probate court; but we are satisfied it was not intended by this rule to attempt to vest the probate court with authority to appoint a next friend for the purpose of instituting litigation in the circuit court. That power is vested by statute in the circuit court itself. 3 Comp. Laws 1929, § 14036. The statute makes the next friend so appointed for the infant plaintiff responsible for costs of suit. The real par-

ties in interest as plaintiffs in the instant suit are unknown and unascertained minors—"crippled children." If a suit were to be instituted in the circuit court in behalf of such plaintiffs, in the absence of a controlling statutory provision to the contrary, the power to appoint a suitable person as next friend to prosecute the suit would be in the circuit court, not in the probate court.

However, both parties to this appeal agree that there is a statutory provision in this state in consequence of which the prosecuting attorney of the county wherein the suit originated is a proper party plaintiff to represent unascertained beneficiaries.

"The prosecuting attorney of the county in which the court of chancery shall have jurisdiction and control shall represent the beneficiaries in all cases where they are uncertain or indefinite, and it shall be his duty to enforce such trusts by proper proceedings in the court, but he shall not be required to perform any duties in connection with such trusts in any court outside of this State." 3 Comp. Laws 1929, § 13513.

The prosecuting attorney of Wayne county filed a petition in the circuit court in chancery asking leave to intervene as a party plaintiff in this suit. Prior to denial of appellant's motion to dismiss the circuit judge allowed such intervention. There has been no appeal from such holding; and further we think it was entirely proper. As a result there is now a proper party plaintiff in this case. It would be an idle ceremony, resulting in delay and unnecessary expense, for this court to grant appellant's motion to dismiss the bill of complaint after the intervention of a proper party plaintiff who in event of dismissal, could forthwith renew the suit by filing a like bill of complaint. See 3 Comp. Laws 1929,

§§ 14018, 14021; and *Windoes* v. *Colwell*, 247 Mich. 372.

As bearing upon appellant's right to insist upon its motion to dismiss, appellee asserts in his brief that the George H. Cummings Foundation "has no status in this court." Various reasons are urged in support of this contention. But it is sufficient to note plaintiff made the George H. Cummings Foundation a party defendant; and under the allegations of the bill this foundation was a necessary party defendant. As such party it was and is in a position to raise the questions which are now before the court. As a defendant it has the right to have this suit dismissed or prosecuted by a proper party plaintiff.

Notwithstanding appellant's contention to the contrary, we are satisfied from this record that the allegations of fraud contained in the bill of complaint are sufficient to give the circuit court in chancery jurisdiction to inquire into the claimed fraudulent transactions. Further, orders of the probate court fraudulently obtained are not *res judicata.* *Raseman* v. *Raseman*, 234 Mich. 237; *In re Estate of Rahn*, 241 Mich. 29.

It must be held that the plaintiff, Paul H. King, as a guardian *ad litem* appointed in the probate court, has no standing in this proceeding in equity, and is therefore not a proper party plaintiff. The prosecuting attorney who is now joined as a plaintiff in this suit, is a proper party plaintiff. It follows that as to plaintiff Paul H. King, the suit must be dismissed. However, because of the character of the subject matter of the litigation, the suit should be and is continued with the prosecuting attorney as the party plaintiff. Especially is this proper procedure herein since, as hereinafter noted, a cross-

bill has been filed by the George H. Cummings Foundation seeking affirmative relief against defendant Emmons.

In holding that the suit should not be dismissed, we are not unmindful of appellant's contention that this case is not one in which the beneficiaries are "uncertain or indefinite." Appellant urges that since the George H. Cummings Foundation has been incorporated, and is to be the immediate recipient of the assets of this trust, it cannot be said "the beneficiaries * * * are uncertain or indefinite." But obviously while the George H. Cummings Foundation may be lawfully entitled to the possession of the assets of this trust, by no stretch of imagination can it be said that the George H. Cummings Foundation is the ultimate beneficiary. Instead the testator designed this trust "for the care, maintenance and education of crippled children, who otherwise are destitute of the proper and necessary means for their care, medical attendance and education." Clearly such children are the "uncertain and indefinite" beneficiaries of this trust. The statute (3 Comp. Laws 1929, § 13513) providing that the prosecuting attorney shall represent the beneficiaries in all cases where they are uncertain or indefinite, is applicable to the instant case.

Appellant also challenges the appointment of a receiver prior to a hearing on the merits. The pleadings, including attached exhibits, cover 120 pages of the printed record. The sworn bill of complaint had been answered under oath by the respective defendants prior to the appointment of the receiver. The George H. Cummings Foundation had also filed a cross-bill in which to a certain extent it sought relief against defendant Emmons of the same character prayed for in plaintiff's bill of com-

plaint. On the 12th day of October, 1936, the circuit
court, having previously heard the parties, ap-
pointed a receiver and issued an injunctive order
which in general restrained defendants from selling,
assigning, incumbering or in any other manner
dealing or attempting to deal with any part of the
assets of the Cummings' trust for the benefit of
crippled children. As hereinbefore noted the trust
assets had been assigned to the George H. Cum-
mings Foundation prior to the filing of the bill of
complaint herein. Plaintiff challenges the right of
the George H. Cummings Foundation to possession
of the trust property. This contention is based
largely upon its claim that the George H. Cummings
Foundation was not organized in accordance with
the terms of the will and that the order of the pro-
bate court by which the foundation was designated
as the recipient of the trust property and had the
same assigned to it was illegal in that it was pre-
maturely made and was obtained through fraud per-
petrated upon the probate court. It is further
asserted by plaintiff that the officers and directors
of the foundation are more or less dominated by de-
fendant Emmons. These are questions which clearly
go to the merits of the case. The charges made have
been denied under oath. The trust estate, composed
of both real and personal property, is large in
amount, and its management will of necessity re-
quire much time, care and ability. No convinc-
ing showing is made that the estate will suffer
loss pending disposition of this case on its merits
if the possession and management of the property
in the meantime is left with the George H. Cum-
mings Foundation. Further, in view of our deci-
sion hereinbefore indicated, it now appears that the
receiver was appointed on the petition of a plaintiff

whom we are constrained to hold had no interest in the subject matter of this litigation and was not a proper party to institute this suit. As the record now stands there is no way of ascertaining whether the prosecuting attorney of Wayne county as a proper party plaintiff does or does not desire a receivership *pendente lite,* which will of necessity subject the trust estate to additional expense and complications. In view of these rather unusual circumstances we are of the opinion that the order appointing the receiver and granting injunctive relief should be vacated, but without prejudice to the right of any proper party to make further application in the circuit court for such relief of this character as may seem fit and proper in this case. This holding is in accord with *Woodmansee* v. *Ann Arbor Brick Co.,* 164 Mich. 688, citing numerous cases, and *Central Holding Co.* v. *Bushman,* 238 Mich. 261.

Notwithstanding defendant Emmons did not appeal from the circuit court's denial of his motion to dismiss, since it has now been determined that Mr. King is not a proper party plaintiff in this suit, the order of dismissal should be operative in favor of both defendants. An interlocutory order or decree may be taken in this court in accordance with this opinion and the case will be remanded to the circuit court of Wayne county in chancery for further proceedings therein. Appellant will have costs of this appeal.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred. BUTZEL, J., did not sit. FEAD, J., took no part in this decision.