### KOSS *v.* PUBLIC SERVICE COMMISSION.

1. AUTOMOBILES—CONTRACT MOTOR CARRIERS—COMPETITION—PARTIES IN INTEREST.

   Holders of competing motor carrier permits have a direct interest in the matter of granting a contract motor carrier's permit in same territory, which warrants their intervention in the matter (CL 1948, § 479.20).

2. PARTIES—MOTION TO DISMISS—INTERVENORS.

   A motion to dismiss a bill of complaint because the plaintiff was not a proper party may not be granted, where one who was unquestionably a proper party has intervened as plaintiff.

3. AUTOMOBILES—MOTOR CARRIER PERMITS—REVIEW OF ORDERS—DEATH OF FIRST APPELLANT.

   The right of judicial review of public service commission's order granting a motor carrier permit may not be denied a competing carrier by reason of the death of another competitor who had first filed appeal with reviewing court.(CL 1948, § 479.20).

4. SAME—MOTOR CARRIER PERMITS—NOTICE OF HEARING—REVIEW OF ORDERS.

   The right of a real party in interest to appeal from an order of the public service commission granting an application for a competing motor carrier permit at a hearing of which

---

REFERENCES FOR POINTS IN HEADNOTES

[1] Generally as to what persons may intervene, see 39 Am Jur, Parties § 60 *et seq.*
[2] 39 Am Jur, Parties § 103.

the interested party had no statutory notice, is not to be denied merely because he was not present or represented (CL 1948, § 479.20).

5. SAME—MOTOR CARRIER PERMITS—CIRCUIT COURT—TRANSMITTAL OF EVIDENCE TO COMMISSION.

Circuit court acted within the confines of motor carrier act restricting evidence which may be transmitted back to the public service commission to evidence introduced by the complainant, where it transmitted testimony, elicited by plaintiffs on cross-examination of defendant, which was different from and in addition to that offered before the public service commission (CL 1948, § 479.20).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted February 25, 1952. (Docket No. 84, Calendar No. 45,124.) Decided May 16, 1952.

Bill by Benjamin Koss, doing business as Frank H. Cass Company, and another against Public Service Commission to review order of defendant. D'Arcy Hawkins, doing business as Cole's Express Company, intervened as party defendant. Statutory report filed. Bill dismissed. Intervenor appeals. Affirmed.

*Wilhelmina Boersma, Robert A. Sullivan* and *Clark, Klein, Brucker & Waples,* for plaintiffs.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Charles M. A. Martin,* Assistants Attorney General, for defendant.

*Dee Edwards,* for intervenor.

DETHMERS, J. Defendant commission granted defendant Hawkins a contract carrier's permit upon application and hearing of which plaintiffs Koss and Strange, competing carriers, were not given the stat-

utory notice.* They appealed to the Ingham county circuit court. The court granted defendant Hawkins' motion to dismiss as to Strange because he had not been a party before the commission, but allowed him to intervene as a party plaintiff. Koss died, whereupon defendants moved to dismiss on the grounds that the appeal had abated on Koss's death and that Strange, as intervening plaintiff, was thereafter without legal capacity to maintain it. The motion was denied. At that stage Koss's widow, as administratrix of his estate, after the commission had granted her carrier's rights identical with those previously held by her husband, was permitted to intervene as party plaintiff. On hearing before the court defendant Hawkins alone introduced proofs, which the court transmitted to the commission for further consideration. Thereafter the commission made statutory report to the court that it had rescinded its original order granting a permit to defendant Hawkins and asked that the cause be dismissed, which the court did accordingly. Defendant Hawkins appeals.

Both intervening plaintiffs had a direct interest warranting their intervention. *Kirkby* v. *Public Service Commission,* 320 Mich 608. In *King* v. *Emmons,* 283 Mich 116 (115 ALR 564), we held that a motion to dismiss a bill of complaint because plaintiff was not a proper party would not be granted, where one who was unquestionably a proper party had intervened as plaintiff. Here intervenors are real parties at interest; their rights as competing carriers are directly affected, entitling them to a judicial determination in the premises. As relates to Strange, that right of judicial review could not be terminated nor defeated by Koss's death. The language of article 5, § 20 of the motor vehicle car-

---

* See CL 1948, § 477.5 (Stat Ann § 22.552).—Reporter.

riers' act (CL 1948, § 479.20 [Stat Ann 1949 Cum Supp § 22.585]), providing that "Any party to a cause before the commission * * * may * * * appeal" is not to be so narrowly construed as to deny to a real party at interest the right to appeal from a commission order, granted upon an application and hearing of which such interested party had no statutory notice, merely because he was not present nor represented at the hearing before the commission. To so hold would run contrary to the intent and purpose of the entire act, which carefully guarantees to interested parties the right to notice, to hearing, and to make objections, redress being afforded thereunder by way of appeal. If the appeal provisions of section 20 are exclusive, as defendant Hawkins contends, but unavailable to one who was not present or represented before the commission, then, by the simple expediency of failing to give statutory notice, the rights of interested parties, competing carriers, sought to be protected by the act, could be subverted. We hold that defendant Hawkins' motion to dismiss before the matter was transmitted back to the commission was properly denied.

Defendant Hawkins contends that the court may not transmit to the commission for further consideration a copy of the evidence introduced before the court when it consists solely of evidence introduced by defendant. He relies upon the provisions of section 20 in effect when before the trial court (since amended) as follows:

"If, upon the trial of such action, evidence shall be introduced *by the complainant* which is found by the court to be different from that offered upon the hearing before the commission, or additional thereto, the court, before proceeding to render judgment * * * shall transmit a copy of such evidence to the commission."

In the instant case plaintiffs' bills of complaint alleged certain facts, admitted by defendants' answers, and at the hearing plaintiffs' counsel elicited, upon cross-examination of defendants' witnesses, certain testimony, the character of which allegations and testimony was different from, and in addition to, that offered before the commission. The court acted within the confines contemplated by the statute in transmitting the same to the commission.

Affirmed, with costs to plaintiffs.

NORTH, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.