THOMPSON, Judge.
This is an appeal from a summary judgment.
Walter S. Sharp was a patient at Hance-ville Nursing Home (“Hanceville”) in Hance-ville, Alabama. Sharp’s daughter, Sandra Grund, signed a document in which she guaranteed payment for Sharp’s treatment at that facility.
On March 27, 1996, Hanceville filed a complaint in the Circuit Court of Cullman County against Sharp and Grund, stating claims of breach of contract, breach of agreement, and accounts payable and seeking $17,569.36 in unpaid nursing home services for Sharp. The trial court appointed Steven Smith, an attorney, as Sharp’s guardian ad litem in that case.[1]
On July 12, 1996, Sharp, individually and by and through his next friend “and attorney in fact,” Sandra Grund, sued Hanceville in an action filed in the Circuit Court of Jefferson County. In their complaint, Sharp and Grund alleged that Hanceville had wrongfully discharged Sharp from its facility. On September 3, 1996, the Jefferson County Circuit Court transferred Sharp’s action to the Circuit Court of Cullman County.
On September 26, 1996, Sharp, through Smith, and Hanceville entered into an agreement to settle the claims in Hanceville’s action against Sharp. The trial court entered a consent judgment in accordance with the terms of that agreement. A portion of the consent judgment reads as follows: ■
“That in addition to said conveyance it is further agreed and understood that as additional consideration, to satisfy said judgment, all parties and their respective guardians, agents, or attorney in fact agree to release and forever waive any and all other present and or existing claims or future claims connected or related either directly or indirectly with the above-styled matter as against each other.”
(Emphasis added.)
On August 25, 1997, Hanceville filed a motion for a summary judgment in Sharp’s action, arguing that the parties had released all claims when they settled Hanceville’s action. Sharp opposed that motion, arguing that Smith was not authorized to settle Sharp’s claims against the nursing home. On October 9, 1997, the trial court entered a summary judgment in favor of Hanceville. Sharp appealed to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
This appeal does not involve a challenge of the original settlement in Hanceville’s action against Sharp. Sharp argues only that Smith, as the guardian ad litem appointed in Hanceville’s action against Sharp, did not have the authority to settle the claims in the action filed by Sharp against Hanceville.
Alabama’s statutory authority for the appointment of a guardian ad litem for an incompetent adult is found at § 26-2A-52, Ala.Code 1975, which provides that a court may appoint a guardian ad litem to protect the interests of a person where that person’s representation may otherwise be inadequate. However, no Alabama statute or caselaw describes the powers of a guardian ad litem. Most caselaw, in Alabama and in other states, concerning the powers and duties of a guardian ad litem governs cases involving a minor. We look to those eases as authority for the issue involved in this appeal.
“Guardian ad litem” is defined as “a special guardian appointed by the court in which a particular litigation is pending to represent an infant, ward or unborn person in that particular litigation, and the status of a guardian ad litem exists only in that specific litigation in which the appointment occurs.” Black’s Law Dictionary 706 (6th ed.1990) (emphasis added) (citing Bowen v. Sonnenburg, 411 N.E.2d 390, 396 (Ind.App.1980)). In King v. Emmons, 283 Mich. 116, 277 N.W. 851 (1938), the Supreme Court of *245 Michigan held that the powers of a guardian ad litem were limited to the particular case in which the guardian ad litem was appointed; a guardian ad litem appointed to represent a minor in a probate proceeding could not represent the minor’s interests in a circuit court proceeding. See also Sumpter v. Kosinski, 165 Mich.App. 784, 419 N.W.2d 463 (1988). “The appointment of [a guardian ad litem] is incident to the power of the court to try a case ... and the power is then confined to the particular ease at bar.” King v. Emmons, 283 Mich. at 125, 277 N.W. at 854.
The trial court appointed Smith as Sharp’s guardian ad litem in the action instituted by Hanceville. The trial court did not appoint a guardian ad litem to represent Sharp’s interests in Sharp’s action against Hanceville. Smith’s powers as Sharp’s guardian ad litem were limited to the Hanee-ville action; Smith had no authority to compromise any rights Sharp might have in his separate action against Hanceville.
Further support for this conclusion is the general rule that a guardian ad litem cannot effect a waiver of the ward’s substantial rights. 42 Am.Jur.2d Infants § 184 (1969).
“[A] guardian ... cannot waive any right the ward may have against a defendant, but is legally bound to exhaust every legal remedy available to protect the ward’s property, and the guardian’s authority does not extend to the doing of any act detrimental to the ward or to the ratification of unauthorized acts.”
Campbell v. Campbell, 350 Mo. 169, 165 S.W.2d 851, 857-58 (1942). See also Levin v. State Farm Mut. Auto. Ins. Co., 510 S.W.2d 455 (Mo.1974) (a minor’s guardian ad litem had no power to execute a release that would be binding on the minor); Fedor v. Mauwehu Council, Boy Scouts of America, 21 Conn. Supp. 38, 143 A.2d 466 (1958) (a waiver signed by a guardian ad litem cannot bind a minor).
We find this authority persuasive and hold that Smith, as Sharp’s guardian ad litem in Hanceville’s action against Sharp, lacked the authority to negotiate a release of Sharp’s claims in his action against Hanceville. Because the release was ineffective, the summary judgment based on that release was erroneous and must be reversed.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY, J., concurs specially.

. We note that the record does not contain a judicial determination that Sharp is incompetent and that he therefore needs a guardian ad litem to protect his interests. In their briefs on appeal, the parties concede his incompetence.